This is a domestic relations preliminary injunction case.
The Bambergs were divorced on September 2, 1982. The judgment approved an agreement of the parties which granted the mother, Sun Kum Bamberg, custody of the children who are now seven and five years of age.
On June 1, 1983 the father filed an unverified petition for a temporary writ of injunction wherein the only allegation which could be reasonably construed to be the foundation for the issuance of a preliminary injunction was the following:
 "Defendant is now planning on or before June 3, 1983, to take the children with her to Grovetown, Georgia. According to what information I can obtain the children would be left alone each day with no one to care for them or see that they attend school."
The mother's answer denied that she would leave the children alone. Since the divorce, the mother and children had been residing with the paternal grandparents in Perry County, Alabama until the mother left the children there while she sought and apparently obtained employment in Georgia. The only prayer for specific relief was that the mother "be enjoined from moving the children from where they are at [the] present time pending a hearing on all the facts in this case."
On June 1, 1983 the trial court ordered that a copy of the petition for a temporary writ of injunction be served upon the mother and the hearing thereon was set for June 3. She was served with a copy of the order and petition on June 2 and she filed her answer to the petition on the following day. While the hearing was held on June 3, a judgment was not entered by the trial court until August 4. The judgment stated that the trial court considered the father's petition "without swearing any witnesses or *Page 971 
taking any testimony," and the mother was enjoined from removing the children from the residence of the paternal grandparents until further order of the trial court. The Alabama and Georgia Departments of Pensions and Security were directed to investigate the homes of the mother and of the paternal grandparents. The mother duly appealed under the authority of rule 4 (a)(1) of the Alabama Rules of Appellate Procedure. The father has not favored this court with a brief.
"Evidence that goes beyond the unverified allegations of the pleadings and motion papers must be presented to support or oppose a motion for a preliminary injunction." 11 C. Wright A. Miller, Federal Practice and Procedure § 2949, at 469 (1973). In other words, at a preliminary injunction hearing an unverified pleading, without proof of its averments, is insufficient in and of itself upon which to base the issuance of a preliminary injunction. The father's petition was not verified and that pleading was the only evidentiary foundation for the trial court's issuance of the preliminary injunction. While rule 65 of the Alabama Rules of Civil Procedure does not explicitly require that oral testimony be presented at a preliminary injunction hearing, some type of evidence which substantiates the pleadings is implicitly required by subsection (a)(2) of that rule. In order to comply with procedural due process, notice and an opportunity to be heard are necessary under rule 65 (a). The opportunity to be heard requires a trial of any pertinent contested issue of fact. The trial of a litigated factual question necessitates the opportunity by all sides to present pertinent evidence as to whether the preliminary injunction should, or should not, be granted. At a preliminary injunction hearing, that evidence may take the form of a verified pleading, an affidavit, a deposition, a stipulation, an admission, a written exhibit and/or oral testimony; however, unsworn, or unaffirmed, statements of parties or factual assertions and arguments of counsel would not meet muster. Here, no supportive evidence concerning the unverified allegations of the father's petition was presented to the trial court in any form whatsoever. The trial court erred in the issuance of the preliminary injunction which was solely based upon the father's unsworn petition.
The same result would follow if the trial court had issued a temporary restraining order, for at least an affidavit or verified complaint containing the necessary proof is required by rule 65 (b) before a temporary restraining order may be issued.
We must reverse this case for a complete lack of any supportive evidence for the issuance of the preliminary injunction. The preliminary injunction as entered by the trial court on August 4, 1983 is hereby vacated and set aside.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10 (e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED; PRELIMINARY INJUNCTION VACATED.
All the Judges concur.