Blount Recycling, LLC, appeals from the issuance of preliminary injunctions by the Cullman Circuit Court prohibiting Blount Recycling from picking up and hauling waste within the geographical limits of the City of Cullman and Cullman County. We dissolve the preliminary injunctions and remand.
 Facts
The City of Cullman ("City") and the Cullman County Commission ("Commission") established the Cullman County Solid Waste Authority to provide for the disposal of solid waste generated within the geographical limits of Cullman County, which includes the City. In 1992, the City, the Commission, and the Cullman County Solid Waste Authority entered into the Waste Disposal Services Agreement. The agreement provided for the disposal of waste generated in Cullman County in a landfill built by the Authority.
The Commission, on January 27, 2000, enacted a resolution, and the City, on November 12, 2001, enacted an ordinance, to govern the collection of nonhazardous solid waste within the geographical limits of Cullman County. The language and purpose of the City ordinance and the Commission's resolution are nearly identical; the provisions authorize the City and the Commission to provide for the collection and the disposal of nonhazardous solid waste, with a few exceptions noted for sharing services and for the issuance of certificates of exception to persons or entities who did not want the service.
Blount Recycling is a waste-collection and recycling company authorized by the Alabama Department of Environmental Management to do business in every county in Alabama. Blount Recycling operates a construction and demolition landfill in Blount County. In 2002, Blount Recycling was issued a business license to conduct its business in Cullman County. Shortly after it was issued a license to operate in Cullman County, Blount Recycling began advertising its services and picking up construction and demolition debris from around the City and in other parts of Cullman County.
On September 4, 2002, the City notified Blount Recycling by letter that Blount Recycling's collection of the construction and demolition debris violated the City ordinance and the Commission's resolution. The City requested that Blount Recycling discontinue its collection services. Blount Recycling refused. On April 3, 2003, the City filed an action seeking a declaration of the parties' rights as to the collection of the debris and a petition seeking a preliminary injunction preventing Blount Recycling from collecting waste in the City; Blount Recycling responded by denying that it had violated any City ordinance.
The hearing on the City's petition was held on June 12, 2003, and the circuit court issued a preliminary injunction prohibiting Blount Recycling from collecting waste in the City until a final hearing was held in the case. The record does not include a transcript of the hearing. On July 7, 2003, Blount Recycling timely filed a notice of appeal with this Court.
The Commission similarly began its action against Blount Recycling by filing in the circuit court on May 20, 2003, a declaratory-judgment action and a petition seeking an injunction. Blount Recycling answered the petition on July 3, 2003, asserting that it had not violated the Commission's resolution. On July 14, 2003, without conducting a hearing, the circuit court enjoined Blount Recycling from *Page 853 
picking up or hauling solid waste in Cullman County. Blount Recycling filed its notice of appeal with this Court on July 18, 2003.
On July 29, 2003, this Court granted Blount Recycling's motion to consolidate for the purpose of appeal the case involving the City and the case involving the Commission.
 Standard of Review
We review a preliminary injunction to determine whether the trial court exceeded its discretion in granting the injunction. "[T]he grant of, or refusal to grant, a preliminary injunction rests largely in the discretion of the trial court."Teleprompter of Mobile, Inc. v. Bayou Cable TV, 428 So.2d 17,19 (Ala. 1983). Moreover, if it cannot be shown that the trial court exceeded its discretion, the court's "action will not be disturbed on appeal." Id. A trial court exceeds its discretion when it "exceed[s] the bounds of reason, all the circumstances before the lower court being considered." Valley Heating,Cooling Electric Co. v. Alabama Gas Corp., 286 Ala. 79, 82,237 So.2d 470, 472 (1970).
 Issues and Analysis Case No. 1021683 — Blount Recycling v. The City
Blount Recycling argues that the City failed to establish the prerequisites necessary for the issuance of a preliminary injunction.
 "Before entering a preliminary injunction, the trial court must be satisfied: (1) that without the injunction the plaintiff will suffer immediate and irreparable injury; (2) that the plaintiff has no adequate remedy at law; (3) that the plaintiff is likely to succeed on the merits of the case; and (4) that the hardship imposed upon the defendant by the injunction would not unreasonably outweigh the benefit to the plaintiff. Perley v. Tapscan, Inc., 646 So.2d 585, 587 (Ala. 1994) (citing Martin v. First Fed. Sav. Loan Ass'n, 559 So.2d 1075 (Ala. 1990))."
Blaylock v. Cary, 709 So.2d 1128, 1130 (Ala. 1997). If the party seeking the injunction fails to establish each of these prerequisites, then a preliminary injunction should not be entered. If the trial court enters a preliminary injunction when these prerequisites have not been met, the trial court's order must be dissolved and the case remanded. Teleprompter of Mobile,Inc. v. Bayou Cable TV, supra.
At the hearing on its petition for a preliminary injuction, the City offered, and the trial court admitted, in evidence the ordinance. According to the trial court's order, the ordinance was the only evidence submitted by the City to establish the prerequisites for the issuance of the preliminary injunction; the materials before us do not indicate otherwise. The trial court concluded, based on the ordinance, the legal arguments and caselaw presented, and on Blount Recycling's evidentiary submission, that the City would suffer irreparable harm if it did not issue the preliminary injunction and that a strong likelihood existed that the City would succeed at a trial of the merits of this cause. The trial court then issued the preliminary injunction in favor of the City.
Ordinance No. 2002-4 provides:
 "WHEREAS, the City of Cullman provides collection services for solid wastes within the City limits of the City of Cullman and
 "WHEREAS, the City Council, after a public hearing and discussion have determined it is necessary to the tranquility of a well ordered community, to secure the general comfort, health and general prosperity of the City and its *Page 854 
citizens, that every person, household, business, industry or property generating solid wastes, garbage or ash as defined in the Solid Waste Disposal Act participate in and subscribe to the City of Cullman collection services unless granted a Certificate of Exception, and
 "WHEREAS, it is and has been for many years a traditional governmental service of the City to provide garbage collection pursuant to Section 22-27-3, Code of Alabama, and
 "WHEREAS, to ensure that all commercial enterprises in the City will be provided collection services, to limit the likelihood of illegal dumping, to insure all commercial enterprises within the City will be provided collection services at the same price for the same service, to permit the City to offer as a part of a comprehensive and efficient program for waste collection of discarded appliances and like material and to minimize the health and sanitation hazards,
 "BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF CULLMAN AS FOLLOWS:
 "That every person, household, business, industry or property within the city limits of the City of Cullman generating solid wastes, garbage or ash as defined in the Solid Waste Disposal Act shall participate in and subscribe to the City of Cullman collection services including all such solid wastes commonly referred to as commercial wastes (excluding hazardous wastes) and same to be collected by the City of Cullman Sanitation Department unless such person, household, business, industry or property is granted a Certificate of Exception or was sharing service for a period of at least six (6) months as provided in Code of Alabama, 1975, Section 22-27-3[(a)](2).
 "IT IS ORDAINED that any business, industry or other property within the city limits of the City of Cullman generating solid wastes, garbage or ash as defined by the Solid Waste Disposal Act that is under contract with any private waste disposal company shall have six (6) months from the date of this [Ordinance] to participate in and subscribe to the City of Cullman Sanitation Department for the collection of such solid wastes, garbage and/or ash."
 "IT IS FURTHER ORDAINED not withstanding the foregoing, that any business, industry or other property within the city limits of the City of Cullman generating solid wastes, garbage or ash, as defined by the Solid Waste Disposal Act that comes into existence or that operates at a new location after the date of this Ordinance shall, upon opening of same, immediately participate in and subscribe to the City of Cullman Sanitation Department for the collection of such solid wastes, garbage and/or ash."
We have reviewed the ordinance — the only evidence submitted by the City to establish the prerequisites for a preliminary injunction. The ordinance does not establish that the City will suffer immediate and irreparable injury without the injunction; or that the City is likely to succeed on the merits of the case; or that the hardship imposed upon Blount Recycling by the injunction would not unreasonably outweigh the benefit to the City. Indeed, the ordinance is addressed to individuals "generating solid wastes, garbage or ash," not entities, such as Blount Recycling, that collect construction and demolition debris. Thus, the City did not establish that Blount Recycling, which does not "generat[e] solid wastes, garbage or ash," was in violation of the ordinance. Therefore, because the City did not present evidence to satisfy the prerequisites for a preliminary *Page 855 
injunction, the preliminary injunction issued by the trial court must be dissolved, and the cause remanded. First City Nat'l Bankof Oxford v. Whitmore, 339 So.2d 1010 (Ala. 1976). See alsoBeal Bank v. Babakitis, 723 So.2d 687 (Ala.Civ.App. 1998).
 Case No. 1021766 — Blount Recycling v. The Commission.
Blount Recycling contends that the Commission likewise failed to establish the prerequisites for a preliminary injunction.
As the Court of Civil Appeals recognized in Bamberg v.Bamberg, 441 So.2d 970, 971 (Ala.Civ.App. 1983), while Rule 65, Ala. R. Civ. P., "does not explicitly require that oral testimony be presented at a preliminary injunction hearing, some type of evidence which substantiates the pleadings is implicitly required by subsection (a)(2) of the rule." The Court of Civil Appeals inBamberg continued, stating: "In order to comply with procedural due process, notice and an opportunity to be heard are necessary under Rule 65(a)." Id.
In this case it appears that the circuit court did not conduct a hearing on the Commission's petition for a preliminary injunction; therefore, the Commission did not present any evidence and Blount Recycling was not given an opportunity to be heard. The injunction must be dissolved for failure to comply with Rule 65(a), Ala. R. Civ. P., and the cause remanded.
 Conclusion
We dissolve the preliminary injunction in case no. 1021683 because the City did not present evidence to satisfy the prerequisites for issuing a preliminary injunction; we dissolve the preliminary injunction in case no. 1021766 because the trial court did not conduct a hearing as required by Rule 65, Ala. R. Civ. P. We pretermit any discussion of the other issues raised on appeal. This holding, however, should not be interpreted as precluding the City and the Commission from requesting the circuit court to again issue an injunction, if they deem one necessary. Based on the foregoing, the preliminary injunctions are dissolved and the causes are remanded for further proceedings consistent with this opinion.
1021683 — PRELIMINARY INJUNCTION DISSOLVED; CASE REMANDED.
HOUSTON, SEE, LYONS, BROWN, HARWOOD, and WOODALL, JJ., concur.
JOHNSTONE, J., dissents.
1021766 — PRELIMINARY INJUNCTION DISSOLVED; CASE REMANDED.
HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, and WOODALL, JJ., concur.