911 So.2d 719 (2005)
Ex parte Angela Marie RUSSELL.
(In re Angela Marie Russell
v.
David Wade Russell).
2031146.
Court of Civil Appeals of Alabama.
April 29, 2005.
Robert J. Russell, Jr., of Parnell & Crum, P.A., Montgomery, for petitioner.
*720 Jeffrey J. Courtney of Enslen, Pinkston & Courtney, L.L.P., Wetumpka, for respondent.
BRYAN, Judge.
Angela Marie Russell ("the mother") petitions this court for a writ of mandamus directing the Elmore Circuit Court to vacate its pendente lite custody orders of September 1, 2004, and September 8, 2004. We grant the petition.

Facts and Procedural History
The mother and David Wade Russell ("the father") were divorced by the trial court in 1999. The divorce judgment awarded sole physical custody of the parties' minor son ("the child") to the mother. On August 4, 2004, the father filed a petition to modify the custody provision of the divorce judgment to award him sole physical custody of the child and a motion to set an expedited hearing regarding pendente lite custody. Two weeks later, on August 18, 2004, the trial court granted the father's motion to set an expedited hearing regarding pendente lite custody and set the expedited hearing for September 1, 2004.
The father alleged that the trial court should award him pendente lite custody on these grounds:
"2. The parties' minor child ... has lived with the [father] for the vast majority of the past year including the 2003-2004 school year while the [mother] was in in-patient drug rehabilitation programs. The [mother] lost her nursing license for a period of time as [a] result of her drug addictions.
"3. [The father] states that the [mother] has committed acts of violence upon him at his residence in the presence of witnesses including the parties' minor child on or about July 21, 2004 when she removed the child from the [father's] residence over the objection of the [father].
"4. The [father] avers that the 2004-2005 school year is beginning very soon. Further, the [father] states that the [mother] removed the parties' minor child from his residence although the child was already registered to attend school where he attended the entire 2003-2004 school year.
"5. [The father] states that the [mother] is mentally unstable and such is evidenced by her actions that occurred on 21st day of July 2004, as well as other instances of the same."
(Exhibit 2 to the Petition for Writ of Mandamus.)
Despite the allegations regarding the mother's history of drug addiction, her act of domestic violence, and her mental instability, the father did not allege that the health and physical well-being of the child were in danger. Moreover, he did not request an ex parte hearing on his motion. Indeed, the father arranged for the sheriff to serve the mother with a copy of his pleadings and the trial court's order setting his motion for a hearing on September 1. However, because she was not served before the hearing on September 1, the mother did not appear when the trial court called the case for a hearing on September 1. When the mother did not appear, the father's counsel, who mistakenly believed that the sheriff had served the mother, told the trial court that the mother had been served. Because we do not have before us a transcript of that hearing, we cannot ascertain whether the father introduced any evidence in support of his motion for pendente lite custody at that hearing. The record does establish, however, that the trial court entered this order on the case action summary:
"9-1-04 Case called PDL  No respondent appearing  PDL custody to dad, *721 child support at $553.00 payable by mom to dad.... Law enforcement is directed to assist dad in recovery of child to his possession."
(Exhibit 6 to the Petition for Writ of Mandamus.)
Later on September 1, the father's counsel learned that the sheriff had not served the mother with process and immediately informed the trial court of this. Upon learning that the mother had not been served, the trial court ex mero motu added this notation to the case action summary on September 1:
"Order entered Ex Parte. To be reset upon service."
(Exhibit 6 to the Petition for Writ of Mandamus.)
Later that same day, the father took custody of the child at the child's school without first notifying the mother. The school informed the mother that the father had picked up the child, and the next day, September 2, the mother moved the trial court to reconsider the September 1 order on these grounds:
"1. The [mother] was not served.
"2. The motion filed before the court was for an expedited pendente lite hearing requiring the presence of both parties and service at least five (5) days prior to the pendente lite hearing.
"3. That Your Honor has abused his discretion in treating the request for an expedited pendente lite hearing as a request for [an] ex parte custody [hearing] requiring an affidavit [regarding the] attempt [to give] notification to the opposing party. That no notification or affidavit was filed giving notice to any party.
"4. That there was no emergency situation represented to the court as undersigned counsel has spoken with opposing counsel in this cause.
"5. That Your Honor has previously ordered joint legal custody with physical custody to the [mother] in this cause and that the [mother] has been denied her due process rights."
(Exhibit 5 to the Petition for Writ of Mandamus) (emphasis original).
That same day, the trial court set the mother's motion for a hearing on September 8, 2004. At the beginning of the September 8 hearing, the mother's counsel stated:
"Why I stand here today is simply to try to get the ex parte order reversed and set aside and get a hearing date set so that we can address these issues and give my client due process. I'm not here today subjecting myself or my client to the jurisdiction of the Court. I don't want to waive that jurisdictional issue because she has not been served yet. But I do want to proceed and argue, if the Judge will hear me, this motion for reconsideration."
(Exhibit 8 to the Petition for Writ of Mandamus at p. 3.)
The transcript of the September 8 hearing establishes that the trial court did not receive any evidence at that hearing. Instead, the trial court heard the arguments of the parties' counsel and asked the counsel questions about the facts alleged in the father's petition and motion. Neither the arguments of counsel nor their factual assertions in response to the trial court's questions were made under oath.
After the trial court took the mother's motion under submission, this exchange occurred on the record:
"THE COURT: Do you want to see about her being served?
"[Mother's counsel]: Sure. I will receive service. Do you want me to have her stop by the sheriff's department?

*722 "[Father's counsel]: If you will just give Janet a note and say I will accept service for her, then that  while she's here, we can get her served. I'm sure it is probably just over at the sheriff's department.
"[Mother's counsel]: I will take her over there."
(Exhibit 8 to the Petition for Writ of Mandamus at p. 21.)
Subsequently, the trial court entered this order on the case action summary:
"9-8-04 Hearing held this date on Motion to Reconsider the Ex Parte Order of Custody of 9-1-04. Hearing held by agreementRespondent not served, but counsel [for mother] accepts service of Petition upon his client. Upon hearing the argument, Court keeps status quo of minor child  presently attending Tallassee school and residing with dad  Mom having visitation on weekends  No party to ask child about activities while with other parent other than to inquire for health reasons. Court to strictly monitor issue of either parent allowing child to be exposed to harmful remarks or negative remarks about the child's parent."
(Exhibit 6 to the Petition for Writ of Mandamus) (emphasis added). The mother then filed her petition for a writ of mandamus with this court on September 17, 2004.

Issues
Before this court, the mother raises these issues: (1) whether the September 1 order denied the mother due process because she was not served before the September 1 hearing with process, with the motion, or with the order setting the motion for hearing on September 1 and because she was not afforded an opportunity to be heard before entry of the September 1 order; (2) whether the September 8 order denied the mother due process because it was entered in the absence of any supporting evidence; and (3) whether the trial court, by awarding the father pendente lite custody, impermissibly shifted the evidentiary burden established by Ex parte McLendon, 455 So.2d 863 (Ala.1984), from the father to the mother.

Law and Analysis
The Supreme Court stated the standard for the issuance of a writ of mandamus in Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995):
"Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and properly invoked jurisdiction of the court."
Citing Ex parte Williams, 474 So.2d 707, 710 (Ala.1985), the mother argues that the September 1 order violated her due-process rights because she was not served with process pursuant to Rule 4, Ala. R. Civ. P., before the September 1 hearing; she was not served before the September 1 hearing with the motion and the order setting the hearing on September 1 in accordance with Rule 6(d), Ala. R. Civ. P.;[1] and she was not afforded an opportunity to be heard before the entry of the September 1 order. Like the case now before us, Ex parte Williams involved a postdivorce proceeding in a circuit court *723 brought by a parent seeking to modify the custody provision of the divorce judgment. The divorce judgment in Ex parte Williams had awarded physical custody of the child to the mother subject to the visitation rights of the father. The divorce judgment had placed no geographical limitations on the residence of the mother or the child. Approximately six months after the entry of the divorce judgment, the father learned that the mother had moved to Georgia. Although the child remained in Alabama, the father became concerned that the mother might move the child to Georgia. Consequently, the father petitioned the circuit court to issue a temporary restraining order prohibiting the mother from removing the child from that court's jurisdiction and an order placing temporary custody of the child with the father pending a hearing on modification of the custody provision in the divorce judgment. The circuit court considered the father's petition before the mother was served with process and, without a hearing, issued the temporary restraining order and the temporary custody order sought by the father.
Subsequently, after a hearing, the trial court modified the divorce judgment to place custody with the father, and the mother appealed to the Court of Civil Appeals. After the Court of Civil Appeals affirmed, the Supreme Court granted certiorari review. The Supreme Court held that, because the circuit court had issued its ex parte order awarding the father pendente lite custody in the absence of any evidence that the health and physical well-being of the child were in danger, it had violated the mother's due-process rights. The Supreme Court held that, in postdivorce proceedings brought by a parent in a circuit court to modify custody, the general rule is that "a parent having custody of a minor child cannot be deprived of that custody, even temporarily, without being given adequate notice under Rules 4 and 5, [Ala.] R. Civ. P., and an opportunity to be heard." 474 So.2d at 710. The Supreme Court further held that the only exception to this general rule is a situation in which the "`actual health and physical well-being of the child are in danger.'" 474 So.2d at 710 (quoting Thorne v. Thorne, 344 So.2d 165, 171 (Ala.Civ.App.1977))(emphasis omitted).
In the case now before us, the father concedes that, before the September 1 hearing, the mother was neither served with process pursuant to Rule 4, Ala. R. Civ. P., nor served with the motion and the order setting the hearing on September 1. Moreover, the father concedes that the mother was not afforded an opportunity to be heard before the entry of the September 1 order. Therefore, the September 1 order satisfied the requirements of due process only if the "`actual health and physical well-being of the child [were] in danger.'" Ex parte Williams, 474 So.2d at 710 (quoting Thorne v. Thorne, 344 So.2d at 171)(emphasis omitted).
First, we note that, although the father alleged that the mother had abused drugs in the past, the father did not initiate this proceeding until after the mother had completed an in-patient drug-rehabilitation program. Second, although the father alleged that the mother had committed an act of domestic violence, he did not initiate this proceeding until two weeks after the alleged act of domestic violence had occurred. Third, the father did not allege that the mother's past drug abuse, her alleged act of domestic violence, or her alleged mental instability endangered the health and physical well-being of the child. Fourth, the father did not move the trial court for an ex parte order awarding him pendente lite custody without a hearing. Indeed, the father requested a hearing, *724 albeit an expedited one, and attempted to perfect service on the mother and give her notice of the hearing date before the September 1 hearing. Fifth, although the record establishes that the trial court did not rule on the father's motion for an expedited hearing for two weeks after it was filed, the record contains no indication that the father communicated to the trial court that an earlier ruling was necessary on the ground that the health and physical well-being of the child were endangered. Sixth, although the order granting the father an expedited hearing set the hearing for a date four weeks after the father had filed his petition and motion, the record contains no indication that the father communicated to the trial court that an earlier hearing date was necessary on the ground that the health and physical well-being of the child were endangered. Seventh, when the father learned on September 1 that the mother had not been served with process, he did not request that the trial court enter an ex parte order. Rather, the trial court, upon its own motion, made the September 1 order an ex parte order. Eighth, although it made the September order an ex parte order, the trial court made no finding that the health and physical well-being of the child were endangered.
Moreover, before this court, the father neither argues that the health and physical well-being of the child were endangered on September 1 nor argues that he was entitled to an ex parte order on September 1. Instead, the father argues that any due-process violation that occurred in connection with the entry of the September 1 order is moot because the mother was afforded due process by the September 8 hearing and order, which, the father says, vacated and replaced the September 1 order. However, we find no merit in this argument. The September 8 order does not state that it vacated the September 1 order. To the contrary, it states that it "keeps status quo of minor child  presently attending Tallassee school and residing with dad  Mom having visitation on weekends...." (Exhibit 6 to the Petition for Writ of Mandamus.) Thus, the September 8 order maintained the September 1 order and implicitly denied the mother's motion to reconsider rather than vacating the September 1 order.
Because the record contains no evidence that the health and physical well-being of the child were endangered on September 1, due process required that, before the September 1 hearing, the mother be served with process pursuant to Rule 4 and that she be served with the father's motion and the order setting the hearing on September 1 pursuant to Rule 6(d). Ex parte Williams. Due process also required that the mother be afforded an opportunity to be heard before the entry of the September 1 order. Id. Thus, because the mother was not afforded these due-process rights in connection with the entry of the September 1 order, the mother is entitled to a writ of mandamus ordering the trial court to vacate its September 1 order.
Although service of process on the mother was not perfected until after the conclusion of the September 8 hearing, the mother does not argue that the September 8 order is invalid on that ground. Instead, she argues that the September 8 order denied her due process only because it was entered in the absence of any supporting evidence. In response, the father argues that his counsel's arguments and factual assertions in response to the trial court's questions at the September 8 hearing were sufficient to justify the September 8 order. Accordingly, we must decide whether, in a postdivorce proceeding in a circuit court brought by a parent seeking to modify custody, evidence must be presented to *725 justify a pendente lite custody order. Neither party has cited us to a case addressing that specific issue. Moreover, our research has not revealed an Alabama case squarely on point. However, the issue decided in Bamberg v. Bamberg, 441 So.2d 970 (Ala.Civ.App.1983), is analogous.
In Bamberg, a father petitioned the circuit court for a temporary injunction enjoining the mother, who had been awarded physical custody of their children by the parties' divorce judgment, from moving the children to Georgia. After the mother was served with a copy of the father's petition, the trial court held a hearing. Thereafter, the trial court enjoined the mother from moving the children to Georgia. The injunction recited that the trial court had considered the petition "`without swearing any witnesses or taking any testimony.'" 441 So.2d at 970-71. On appeal, this court held that due process required the father to introduce evidence establishing his right to a preliminary injunction.
Accordingly, in the case now before us, we hold that due process required that, before the trial court awarded the father pendente lite custody, the father introduce evidence establishing that an award of pendente lite custody to him was in the best interest of the child. The unsworn statements, factual assertions, and arguments of counsel are not evidence. Singley v. Bentley, 782 So.2d 799, 803 (Ala. Civ.App.2000) ("[T]he unsworn statements of counsel are not considered evidence. American Nat'l Bank & Trust Co. v. Long, 281 Ala. 654, 207 So.2d 129 (1968)."). Therefore, because the September 8 order was unsupported by any evidence, it violated the mother's due-process rights. Consequently, the mother is entitled to a writ of mandamus directing the trial court to vacate the September 8 order. Bamberg.
Although our resolution of the due-process issues raised by the mother pretermit the issue raised by the mother regarding whether the September 1 and September 8 orders impermissibly shifted the burden of proof, we point out that this court has held that a pendente lite award of custody does not shift the evidentiary burden established by Ex parte McLendon, supra, from one parent to the other. E.g., Sims v. Sims, 515 So.2d 1 (Ala.Civ.App.1987).

Conclusion
We grant the mother's petition and direct the Elmore Circuit Court to vacate its orders of September 1, 2004, and September 8, 2004, and to hold an evidentiary hearing on the father's motion for pendente lite custody.
PETITION GRANTED; WRIT ISSUED.
CRAWLEY, P.J., and MURDOCK, J., concur.
THOMPSON, J., concurs in the result, without writing.
PITTMAN, J., concurs in part and dissents in part as to the rationale and concurs in the judgment, with writing.
PITTMAN, Judge, concurring in part and dissenting in part as to the rationale and concurring in the judgment.
The main opinion directs the trial court to vacate two orders: a September 1, 2004, ex parte order awarding custody of the child to the father and a September 8, 2004, order leaving the "status quo" in force. Unlike the main opinion, I believe that the September 1 order does not warrant mandamus relief.
The September 1 order was, as the main opinion notes, entered in the absence of notice to the mother and without affording her an opportunity to be heard. However, under Alabama law, because "`[d]ue process *726 ... does not in every case require that the determination of the parent's right to the custody of his child must precede any interference therewith,'" a child may be taken from a party's custody "`provisionally'" by a summary proceeding "`so long as an adequate remedy is available by which the parent may afterward have his rights presented to a proper tribunal.'" Ex parte White, 245 Ala. 212, 215, 16 So.2d 500, 503 (1944) (emphasis added; quoting 39 Am.Jur. Parent & Child § 17 (1942)). Thus, in situations "where it appears the actual health and physical well-being of the child are in danger, the court has authority under Ex parte White, supra, to make a temporary grant of custody until a final determination can be made." Thorne v. Thorne, 344 So.2d 165, 170-71 (Ala.Civ.App.1977); see also Williams v. Williams, 545 So.2d 83, 84 (Ala.Civ.App.1989) (verified petition averring custodial parent's violation of geographic restriction appearing in previous custody judgment warranted trial court's immediate issuance, without notice to custodial parent or hearing, of ex parte custody order).
The trial court in this case acted upon allegations made by the father in his custody petition and motion for an expedited hearing to the effect that the mother was mentally unstable, had committed acts of domestic violence in the child's presence, and had abused and had been addicted to drugs. Although the mother had not been served with copies of the father's petition and motion, the trial court, on the strength of the father's allegations, scheduled an expedited hearing for September 1 and then entered an ex parte custody order in the mother's absence after that hearing had taken place. The absence of an express determination in the trial court's September 1 order regarding a threat to the health or well-being of the child is immaterial; because there is no statutory requirement that the trial court make express findings to support its ex parte award, I indulge the requisite presumption that the trial court made the findings necessary to support its order and that those findings are correct. See Ex parte Fann, 810 So.2d 631, 633, 636 (Ala.2001), and Rule 52(a), Ala. R. Civ. P.
In light of White, Thorne, and Williams, the silence of the record as to what transpired at the September 1 ex parte hearing, and the extraordinary nature of mandamus relief, I cannot agree with the main opinion's view that the trial court's ex parte September 1 order was in error. Indeed, if that order had been the sole order presented for review, I would not have deemed the trial court to have abused its discretion.
However, regardless of whether the September 1 order was correctly or incorrectly entered, White mandates that where an ex parte custody order, such as the September 1 order, has been entered without notice and an opportunity to be heard, an adequate remedy must be made available after the entry of that order by which the custodial parent may assert his or her rights with respect to custody. In this case, it appears, at first glance, that the trial court afforded such an opportunity to the mother; that court appended, to its September 1 order, the notation "Order entered ex parte. To be reset upon service." The trial court then conducted a hearing on September 8 on the mother's "motion to reconsider" the September 1 order. However, and notably, the trial court thereafter entered an order that was based solely upon the arguments of counsel and that, by its terms, purported to "keep[] the status quo." It must be remembered that the "status quo" referred to by the trial court in its September 8 order had been achieved in the first instance only through the trial court's having *727 resorted to its extraordinary power to temporarily alter the parties' custodial arrangements by means of an ex parte custody order without notice to the custodial parent and a hearing.
In this case, the trial court's September 8 order indicates that it may have given preclusive effect to its ex parte September 1 order even though the father's unverified allegations giving rise to that order had not been tested in the crucible of the adversarial process. At the very least, the mother's contention appears to be valid that the trial court deemed the mother, and not the father, to have had the burden of proof at the September 8 hearing. Just as "a pendente lite order changing custody does not shift the burden of meeting the [applicable substantive] standard to the parent who temporarily loses custody by virtue of that order," D.P.M. v. D.B., 669 So.2d 191, 194 (Ala.Civ.App.1995), an ex parte custody order in favor of a petitioner should not be construed as shifting the burden from the petitioner at a subsequent hearing to determine pendente lite custody.
Despite these apparent errors, had the trial court clearly afforded the parties an opportunity to present evidence at the September 8 hearing, instead of merely receiving arguments, its decision to maintain the "status quo" (i.e., to award the father pendente lite custody despite the mother's objections) might well have been proper if substantial evidence presented at that hearing supported the father's right to pendente lite custody. However, simply allowing the mother, at the first hearing at which she has been afforded notice and an opportunity to appear, the opportunity to present only arguments why an ex parte order should be set aside does not, in my view, fulfill the mandate in White that the custodial parent be afforded "`an adequate remedy ... by which the parent may ... have his rights presented to a proper tribunal.'" 245 Ala. at 215, 16 So.2d at 503.
Because the main opinion directs the trial court to set aside its September 8 order, which I believe to be the operative pendente lite custody order and which I believe to have been entered in error, I concur in issuing the writ directing the trial court to vacate that order. I dissent as to issuing the writ as to the September 1 order. In stating these views, however, I express no opinion regarding the merits of the father's custody claims. In my view, the trial court may properly revisit the issue of pendente lite custody after conducting an evidentiary hearing pursuant to proper notice to both parties; I thus agree with the main opinion's direction that an evidentiary hearing be held on the father's request for pendente lite custody. Indeed, failure to hold such a hearing would contravene White.
NOTES
[1] In pertinent part, Rule 6(d) provides: "A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than five (5) days before the time specified for the hearing, unless a different period is fixed by these rules or by order of the court...."