THOMPSON, Presiding Judge.
 

 On April 15, 2008, Heather Franks (“the mother”) filed a complaint seeking a divorce from Jeff Franks (“the father”).
 
 *393
 
 Among other things, the mother sought an award of custody of, and child support for, the parties’ child.
 

 On May 9, 2008, the mother filed a motion in which she sought an award of pendente lite custody of the parties’ child, an award of child support, and the imposition of a temporary restraining order against the father. On May 13, 2008, the trial court entered an order granting the mother’s May 9, 2008, motion. In that order, the trial court awarded the mother pendente lite custody of the parties’ child, ordered the father to pay $850 per month in pendente lite child support, and ordered that the father restrain from “assaulting, contacting in person or by telephone, threatening, harassing, interfering with, coming around, talking to, cursing at, or in any way intimidating the [mother].”
 
 [1]
 

 The April 15, 2008, complaint was served upon the father on June 25, 2008.
 
 [2]
 
 Two days later, on June 27, 2008, the father’s attorney filed a notice of appearance in the action. We note that the certificate of service for the mother’s May 9, 2008, motion states that that motion was seived “upon counsel for all parties,” although at that time the father had not been served with process notifying him of the divorce action and no attorney had filed a notice of appearance on his behalf; the May 9, 2008, motion contained no specific names of the persons upon which it might have been served. The trial court’s May 13, 2008, order contains no notation that it was served on the parties.
 

 On June 30, 2008, the father filed a petition for a writ of mandamus in this court. In his petition for a writ of mandamus, the father argued that the trial court had erred in entering its May 13, 2008, order without providing him notice and an opportunity to be heard. As an initial matter, we must address the timeliness of the filing of the father’s petition for a writ of mandamus. A petition for a writ of mandamus must be filed within “a reasonable time.” Rule 21(a)(3), Ala. R.App. P. The presumptively reasonable time within which to file a petition for a writ of mandamus is the same time allowed for taking an appeal, i.e., 42 days from the date of entry of the judgment or order being challenged. Rule 21(a)(3); Rule 4(a)(1), Ala. R.App. P. (providing that an appeal must be filed within 42 days of the entry of judgment); and
 
 Ex parte Fiber Transp., L.L.C.,
 
 902 So.2d 98, 99-100 (Ala.Civ.App.2004).
 

 The father filed his petition for a writ of mandamus on June 30, 2008, 48 days after the entry of the May 13, 2008, order; thus, the father’s petition for a writ of mandamus was not filed within the presumptively reasonable time. Rule 21(a)(3) provides that if a party fails to file a petition for a writ of mandamus within the presumptively reasonable time, the petition for a writ of mandamus “shall include a statement of circumstances constituting good cause for the appellate court to consider the petition, notwithstanding that it was filed beyond the presumptively reasonable time.”
 

 The father included in his petition for a writ of mandamus a statement pursuant to Rule 21(a)(3) setting forth the reasons his petition could not have been filed earlier and why this court should accept the petition. As the father points out, he was not served with a copy of the divorce complaint until June 25, 2008, which is 43 days from the entry of the May 13, 2008,
 
 *394
 
 order. Thus, the father was not a party to the action until after the expiration of the presumptively reasonable time for challenging the May 13, 2008, order. Further, the father contends that the May 9, 2008, motion was not served on him and that the trial court considered that motion without affording him an opportunity to be heard. Nothing in the materials submitted to this court by the parties indicates that the father received notice of the mother’s May 9, 2008, motion or the trial court’s May 13, 2008, order granting that motion. The mother, in her brief submitted to this court, does not argue that the father received notice of her
 
 motion or of
 
 the trial court’s May 13, 2008, order. The father filed his petition for a writ of mandamus challenging the May 13, 2008, order five days after he received service of the complaint in the divorce action. We conclude that the father has set forth a statement of facts constituting good cause for this court to consider the petition notwithstanding the fact that it was filed outside the presumptively reasonable time.
 

 “ ‘A writ of mandamus is an extraordinary remedy, and it “will be issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.” ’ ”
 

 Ex parte Monsanto Co.,
 
 862 So.2d 595, 604 (Ala.2003), quoting
 
 Ex parte Butts,
 
 775 So.2d 173, 176 (Ala.2000), quoting in turn
 
 Ex parte United Serv. Stations, Inc.,
 
 628 So.2d 501, 503 (Ala.1993).
 

 In her response to the father’s petition for a writ of mandamus, the mother has argued that the issuance of a writ would be inappropriate because, she contends, the father had available to him another adequate remedy.
 
 See Ex parte Monsanto Co.,
 
 862 So.2d at 604 (one requirement for the issuance of a writ of mandamus is the lack of another adequate remedy). Specifically, the mother argues that, before he filed a petition for a writ of mandamus in this court, the father was required to seek relief in the trial court by filing a Rule 59, Ala. R. Civ. P., post-judgment motion seeking to alter, amend, or vacate the May 13, 2008, order. We disagree. First, the May 13, 2008, order was a nonfinal, or interlocutory, order, and a Rule 59 motion may be filed only in reference to a final judgment. Rule 54(a), Ala. R. Civ. P. (defining the term “judgment” to include “a decree and any order from which an appeal lies”);
 
 Malone v. Gainey,
 
 726 So.2d 725, 725 n. 2 (Ala.Civ.App.1999).
 

 In his petition for a writ of mandamus, the father argues that the trial court violated his due-process rights by failing to afford him notice of the mother’s May 9, 2008, motion and an opportunity to be heard on the issues raised in that motion before the trial court entered its May 13, 2008, order. In support of his arguments, the father relies on
 
 Ex parte Williams,
 
 474 So.2d 707, 710 (Ala.1985), in which our supreme court held that “a parent having custody of a minor child cannot be deprived of that custody, even temporarily, without being given adequate notice.” This court has explained the requirement of affording notice to a parent of a threatened deprivation of his or her custody rights as follows:
 

 “Although the state has a compelling interest in determining the best interest and welfare of a child, the interest is not compelling enough to allow the determination to be made without notice to the child’s parents. The purpose of requiring notice is to preserve the fairness of the hearing; and it is of vital importance to the child, as well as the parent, that
 
 *395
 
 the hearing be fair. A parent must have notice of the issues the court will decide in order to adduce evidence on those issues before the court, to give the court a basis from which a determination most beneficial to the child can be made. Otherwise, the child, rather than being helped, might even be harmed.”
 

 Thorne v. Thorne,
 
 344 So.2d 165, 170 (Ala.Civ.App.1977).
 

 In
 
 Ex parte Williams,
 
 supra, our supreme court noted an exception to the rule that a parent must be afforded notice and an opportunity to be heard before that parent can be deprived of custody of his or her child. Pursuant to that exception, a pendente lite grant of custody may be made without notice to the parent if “ ‘the actual health and physical well-being of the child are in danger.’ ”
 
 Ex parte Williams,
 
 474 So.2d at 710 (quoting
 
 Thorne v. Thorne,
 
 344 So.2d at 171) (emphasis omitted);
 
 see also M.S. v. State Dep’t of Human Res.,
 
 681 So.2d 633, 634 (Ala.Civ.App.1996) (“In situations where it appears that the actual health and physical well-being of the minor child are in danger, a trial court has the authority to make a temporary ruling concerning custody until a final determination can be made.”).
 

 With regard to the issue of custody of the child, in her May 9, 2008, motion, the mother alleged only that she was “the fit and proper person” to have pendente lite custody of the child. The mother also alleged in that motion that the father had harassed her at her place of employment. The mother made no allegations tending to indicate that the health or well-being of the child was endangered or threatened as a result of the father’s alleged conduct in her workplace. In the absence of allegations indicating that the “actual health and physical well-being of the minor child are in danger,” the trial court was without authority to enter an order removing custody from the father without affording the father notice and an opportunity to be heard.
 
 Ex parte Williams,
 
 474 So.2d at 710;
 
 Thorne v. Thorne,
 
 344 So.2d at 171.
 

 The mother argues that danger to the child can be “inferred” from the father’s alleged actions at her place of employment. In
 
 Ex parte Russell,
 
 911 So.2d 719 (Ala.Civ.App.2005), the father in a custody-modification action alleged, among other things, that the mother had committed acts of domestic violence against him and that their child had witnessed the altercation. The trial court in
 
 Ex parte Russell
 
 entered an order awarding the father pen-dente lite custody of the child; the mother had not been served with the custody-modification complaint or notice of the hearing on the issue of pendente lite custody. The mother filed a motion to set aside the pendente lite custody order, and the trial court conducted a hearing at which it received only the arguments of counsel. The trial court then entered an order denying the mother’s motion to set aside the pendente lite custody order, and the mother filed a petition for a writ of mandamus; that petition challenging the original pen-dente lite custody order was timely filed. This court, citing
 
 Ex parte Williams,
 
 supra, granted the mother’s petition and issued a writ of mandamus directing the trial court to conduct an evidentiary hearing on the father’s motion for pendente lite custody.
 
 Ex parte Russell,
 
 911 So.2d at 725. In doing so, this court concluded, among other things, that the materials before the court contained no evidence tending to indicate that the child’s health or physical well-being were endangered at the time the original pendente lite custody order was entered, and, therefore, that due process afforded the mother the right to notice and an opportunity to be heard on the issue of pendente lite custody.
 
 Ex parte Russell,
 
 911 So.2d at 724.
 

 
 *396
 
 The allegations in the present case concerning the father’s conduct do not even rise to the level of the allegations in
 
 Ex parte Russell,
 
 supra. In
 
 Ex parte Russell,
 
 the father alleged that the parties’ child had witnessed an act of domestic violence committed by the mother. In this case, the mother alleges that the father harassed her at her place of employment; there is no allegation that that purported conduct was witnessed by the parties’ child or that it amounted to conduct that endangered the health or well-being of the child. Accordingly, we reject the mother’s argument that the father’s alleged conduct at her place of employment was a sufficient basis on which to base a conclusion that the father’s actions endangered the health or physical well-being of the child.
 

 In this case, because it does not appear that the health or physical well-being of the child was in danger, the father was entitled to notice and an opportunity to be heard on the issue of pendente lite custody.
 
 Ex parte Williams,
 
 supra. Accordingly, we conclude that the father is entitled to a writ of mandamus requiring the trial court to vacate that part of its May 13, 2008, order pertaining to the pendente lite custody of the child.
 

 The father also challenges the May 13, 2008, order on the basis that the allegations in the mother’s May 9, 2008, motion were insufficient to support a temporary restraining order. The father relies on
 
 Ex parte Hurst,
 
 914 So.2d 840 (Ala.2005), and
 
 Ex parte Williams,
 
 supra, which is cited in
 
 Ex parte Hurst.
 

 “Rule 65(b), Ala. R. Civ. P., provides, in pertinent part:
 

 “ ‘A temporary restraining order may be granted without written or oral notice to the adverse party or that party’s attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that
 
 immediate and irreparable injury, loss, or damage will result
 
 to the applicant before the adverse party or that party’s attorney can be heard in opposition,
 
 and
 
 (2) the applicant’s attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the
 
 reasons supporting the claim that notice should not be required.’
 

 “(Emphasis added.) ‘While the trial court is accorded wide discretion in determining whether or not a [temporary restraining order] should be granted, when such an order is issued without a hearing, a
 
 close scrutiny
 
 of the existing circumstances under which it is sought should be made by the trial court.’
 
 Ex parte Williams,
 
 474 So.2d 707, 711 (Ala.1985) (emphasis added). ‘Furthermore, this kind of relief cannot be accorded without notice or hearing unless “the verified facts of the complaint [or affidavit]
 
 clearly justify the petitioner’s apprehension
 
 about the threat of irreparable injury.” ’
 
 Id.
 
 (quoting
 
 Falk v. Falk,
 
 355 So.2d 722, 725 (Ala.Civ.App.1978) (emphasis added)).”
 

 Ex parte Hurst,
 
 914 So.2d at 842. In
 
 Ex paHe Hurst,
 
 supra, our supreme court issued a writ of mandamus directing the trial court to vacate a temporary restraining order when there was no evidence regarding why the return of the property in dispute within 72 hours was necessary to prevent “ ‘immediate and irreparable injury, loss, or damage.’ ”
 
 Ex parte Hurst,
 
 914 So.2d at 843 (quoting Rule 65(b), Ala. R. Civ. P.).
 

 In his brief submitted to this court, the father points out that the mother signed her May 9, 2008, verified motion on April 9, 2008, and that the date on the certificate of service for that motion is listed as April 17, 2008. In that verified motion, the mother’s allegations giving rise to her re
 
 *397
 
 quest for a temporary restraining order state:
 

 “[O]n or about
 
 April 15, 2008,
 
 the [father] entered upon the business premises of the [mother] to embarrass, threaten, intimidate and degrade the [mother]. Accordingly, the [mother] humbly requests that this Honorable Court grant her a Temporary Restraining Order enjoining the [father] from threatening, harassing, annoying, telephoning, contacting, and/or otherwise communicating, directly or indirectly, with the [mother] while she is at her place of employment.”
 

 The trial court is vested with discretion in determining whether to grant a temporary restraining order.
 
 Ex parte Williams,
 
 supra. However, when such an order is entered without the benefit of a hearing, as it was in this case, “a close scrutiny of the existing circumstances under which it is sought should be made by the trial court.”
 
 Ex parte Williams,
 
 474 So.2d at 711. A close scrutiny of the allegations in the mother’s verified motion indicate a glaring inconsistency regarding the allegations pertaining to the father’s conduct. Specifically, the mother’s verified motion alleged that the father harassed her at her place of employment on April 15, 2008,
 
 six days after
 
 she signed the motion on April 9, 2008.
 
 [3]
 

 With regard to the issue of child support, in her May 9, 2008, motion, the mother made allegations concerning the amount of the father’s income. However, she submitted no evidence in support of those allegations, and the father was afforded no notice or opportunity to present evidence on that issue. Although the mother alleged that she was in need of assistance in supporting the child, the allegations pertaining to child support in her May 9, 2008, motion do not rise to the level of setting forth a basis for an “ ‘
 
 “apprehension
 
 about the threat of irreparable injury” ’ ” justifying an award of child support without first providing notice to the father.
 
 Ex parte Hurst,
 
 914 So.2d at 842 (quoting
 
 Ex parte Williams,
 
 474 So.2d at 711).
 

 We conclude that the allegations in the mother’s May 9, 2008, motion were insufficient to warrant the entry of the May 13, 2008, order without providing notice and an opportunity to be heard to the father. The father’s petition for a writ of mandamus is granted, and the trial court is ordered to vacate its May 13, 2008, order and to conduct a hearing on the mother’s May 9, 2008, motion.
 

 PETITION GRANTED; WRIT ISSUED.
 

 PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . The parties and the trial court refer to the award of custody in this matter as an award of "temporary custody.” The more accurate term for the nature of the custody award at issue in this case is "pendente lite custody.”
 

 [2]
 

 . An earlier attempt at service was returned as undeliverable due to an insufficient address for the father.
 

 [3]
 

 . The certificate of service for the mother's motion is dated April 17, 2008. Accordingly, we cannot construe the fact that the mother signed on April 9, 2008, the motion filed on May 9, 2008, as a clerical error with regard to the date of the signing of the motion.