THOMPSON, Presiding Judge.
John Ausmus (“the father”) petitions this court for a writ of mandamus directing *407 the Madison Circuit Court (“the trial court”) to vacate its order awarding Rachael Ann Ausmus Fitzgerald (“the mother”) temporary physical custody of the parties’ minor child (“the child”), pending further order of the trial court. For the reasons set forth below, we grant the petition.
The materials submitted to this court indicate the following facts. The parties were divorced in Texas in 2005; pursuant to the parties’ divorce judgment, the mother had the exclusive right to designate the primary residence of the child in' Texas. In 2006 the mother left Texas and took the child with her.' ' ‘The father secured a writ of attachment, and the child was returned to Texas. Since that time, the child has resided in the father’s physical custody.[1]
In 2010 the father moved with the child to Alabama, and in August 2012 he filed in the trial court a petition for “registration” of the-Texas divorce judgment, which included the custody order, and a petition to modify custody. The trial court registered the Texas judgment and issued a pendente lite order establishing the parties’ rights regarding time with the child. In February 2013, the trial court held a final hearing, and it subsequently entered a March 22, 2013, judgment that awarded the father primary physical custody of the child. See supra note 1.
In January 2014, the father informed the mother that he would be moving back to Texas with the child. See Alabama Parent-Child Relationship Protection Act, § 30-3-160 et seq.,'Ala.Code 1975. The mother filed in the trial court an objection to the relocation and requested a modification of the custody of the child. The trial court set a hearing on the-mother’s request for September-5, 2014. The mother attended the hearing. However, according to the father’s attorney, who was present at the hearing, he informed the judge that the father had notified him that the father’s flight-from Texas had been delayed and that the father’s revised expected.departure time from Texas was after the scheduled hearing time. The trial court proceeded to conduct the hearing without the father present, and, without receiving any evidence, it entered,a judgment stating, in pertinent part:
•“The Court, after careful'review of the record and having specific recollection of the testimony and evidence presented at previous hearings, notes that the parties are currently exercising joint legal custody of their minor child ... and finds it to be in the best interest of the minor child for temporary physical custody to be awarded to the mother pending further' order of this Court.”
The father then filed a petition for -the writ of mandamus, asking this-, court to direct the trial court to. vacate and. set aside its September 5,2014, judgment.
“ ‘ “A writ of mandamus is an extraordinary remedy, and it “will be issued only when there is: 1) a clear legal right in the- -petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to- do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.’■
*408 “Ex parte Monsanto Co., 862 So.2d 595, 604 (Ala.2003) (quoting Ex parte Butts, 775 So.2d 173, 176 (Ala.2000), quoting in turn Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993)).”
Ex parte Dean, 137 So.3d 341, 344 (Ala.Civ.App.2013).
' The father argues in his petition to this court that the trial court violated his due-process rights by transferring pendente lite custody of the child to the mother without holding a hearing to receive new or additional evidence. The facts in Ex parte Russell, 911 So.2d 719 (Ala.Civ.App.2005), are analogous to the present case. In Russell, the parties’ divorce judgment awarded the mother physical custody of the parties’ child. The father in Russell later filed a petition to modify custody, but the mother did not attend the scheduled pendente lite hearing because she had not been served with the father’s modification petition. The trial court in Russell, without receiving any evidence, entered an order awarding the father pendente lite custody. The mother sought mandamus relief, and, because there was no Alabama case directly on point, we had to “decide whether, iñ a postdivorce proceeding in a circuit court brought by a parent seeking to modify custody, evidence must be presented to justify a pendente lite custody order.” Id. at 724-25. We held that “due process required that, before the trial court awarded the father pendente lite custody, the father introduce evidence establishing that an award of pendente lite custody to him was in the best interest of the child.” Id. at 725. This court held that, because it was entered in the absence of any supporting evidence, the order in Russell violated the mother s due-process rights. Accordingly, we held, the mother was entitled to a writ of mandamus directing the trial court to vacate its order awarding the father pendente lite custody.
Similarly, in the present case, we hold the trial court violated the father’s due-process rights because it transferred custody of the child without receiving any evidence to support the modification. The trial court’s judgment indicates that the trial court based its transfer of custody from the father to the mother on its “review of the record and [its] specific recollection of the testimony and evidence presented at previous hearings.” As the transcript of the proceedings confirms, no evidence was presented at the September 5, 2014, hearing. Thus, in accordance with our holding in Russell, we agree with the father that, in this case, the trial court’s transfer of custody of the child to the mother was a violation of the father’s due-process rights.[2]
For the reasons expressed above, we grant the father’s petition and direct the trial court to vacate its September 5, 2014, judgment. The mother’s motion to strike exhibit 6 is granted.
PETITION GRANTED; WRIT ISSUED.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. There is nothing in the materials to indicate that a Texas court entered a judgment awarding the father physical custody. However, the trial court's March 22, 2013, judgment, discussed infra, which transferred physical custody of the child to -the father, indicates that the parties reached an agreement in 2007 whereby the father would have the exclusive right to designate the primary residence of the child within Neuces County,- Texas, and that, should the father desire-to remove the child from that- county, the geographical restriction could be lifted if the mother did not reside in that county at the time.

. We note that a trial court may order an ex parte transfer of custody of a child when the parent seeking the custody modification demonstrates that there is a danger to the child’s health or welfare. See Ex parte C.T., 154 So.3d 149, 150 (Ala.Civ.App.2014). However, in this case, the mother made no allegations to the trial court that the child was in any immediate danger; she merely alleged that she would make a better custodial parent and that the father had indicated that he would be attempting to cut some of her visitation time.