PITTMAN, Judge.
Tami McGuirk Diaz (“the former wife”) petitions this court for a writ of mandamus directing the Jefferson Circuit Court (“the trial court”) to hold a hearing on the former wife’s request for a change of venue. We deny the petition.
From the materials before this court, it appears that the former wife and Renee David Yelaquez Diaz (“the former husband”) were divorced by a judgment of the trial court, which was entered in November 2012. Although the divorce judgment states that the parties were to share joint legal and physical custody of their minor children, the judgment also directs that the former wife “shall provide the primary residence for said children.”
In August 2015, the former husband filed a petition in which he alleged that the former wife had violated various provisions of the divorce judgment, including provisions relating to the former husband’s custodial rights. The former husband requested the trial court to hold the former wife in contempt of court and to modify the former husband’s child-support obligations. The former wife filed an answer to the former husband’s petition, denying its *606 material allegations. Although she purported to reserve the right to amend or supplement her answer “as future discovery may dictate,” she did not object to venue being in the trial court.[1]
In July 2016, the former wife, having obtained new counsel, filed a motion requesting the trial court to change the venue of all pending proceedings to the Blount Circuit Court, asserting that the former wife had resided continuously for the preceding three consecutive years in Blount County. The former wife pointed to § 30-3-6, Ala. Code 1975, which provides:
“Notwithstanding any law to the contrary, venue of all proceedings for petitions or other actions seeking modification, interpretation, or enforcement of a final decree awarding custody of a child or children to a parent and/or granting visitation rights, and/or awarding child support, and/or awarding other expenses incident to the support of a minor child or children ... is changed so that venue will lie in: (1) the original circuit court rendering the final decree; or (2) in the circuit court of the county where both the current custodial parent ... and the child or children have resided for a period of at least three consecutive years immediately preceding the filing of the petition or other action. The current or most recent custodial parent shall be able to choose the particular venue as herein provided, regardless of which party flies the petition or other action,”
The former husband responded to the former wife’s motion, asserting that the former wife had waived any objection to venue by failing to timely object to venue and to seek a.change of venue. The next day, the former wife filed an amended answer to the former husband’s contempt petition, in which she purported to raise an objection to venue. The former wife’s amended answer, however, was eventually stricken upon motion by the former husband.
The trial court, without holding a hearing, denied the former wife’s motion for a change of venue. The former wife filed her petition for a writ of mandamus 42 days later.
Although the former wife provides in her mandamus petition a citation to § 30-3-6, Ala. Code 1975, and asserts that that Code provision is mandatory, she does not ask this court to direct the trial court to grant her motion to change venue. Rather, the only relief the former wife requests is that we direct the trial court to hold a hearing on her motion.
The former wife’s entire argument regarding the necessity of a hearing is as follows: “Petitioner complains that [the trial court’s] failure to hold/convene a hearing on the issue presented violated Due Process of Law.” The former wife provides a citation to Ex parte Russell, 911 So.2d 719 (Ala. Civ. App. 2005), but she fails to provide any discussion of that case. We note that Russell involved the issue whether due-process considerations constrained a trial court’s authority to enter a pendente lite change of custody without affording the custodial parent an opportunity to be heard. Russell in no way suggests that a hearing must be held before a trial court may validly deny a request for a *607 change of venue. Moreover, according to a leading treatise on civil procedure in Alabama, Rule 78, Ala. R. Civ. P., “authorizes the entry of orders on motions ‘not seeking final judgment’ without oral hearing and on brief written statements.” 2 Ally Windsor Howell, Alabama Rules of Civil Procedure Annotated § 78.2, p. 888 (4th ed. 2004). Because the former wife has not demonstrated a clear legal right to the order she seeks, she is not entitled to the writ of mandamus. Russell, 911 So.2d at 722.
PETITION DENIED.
Thompson, P. J., and Thomas, Moore, and Donaldson, JJ., concur.

. The former husband asserts in his answer to the former wife’s mandamus petition that the former wife later filed additional materials with the trial court, such as a first amended answer and counterclaim, a petition to modify the former husband’s visitation rights, and an answer to an amended request to modify the divorce judgment that had been filed by the former husband. Neither party, however, has provided this court with copies of those filings.