THOMPSON, Presiding Judge, dissenting.
I do not believe that the argument that C.M.Ca. ("the mother") made in her appellate brief regarding her contention that she was denied her right to due process was sufficient for this court to hold the trial court in error. In her brief to the trial court in opposition to the child's name change, the mother stated that the parties agreed to submit to the trial court written briefs on the issue of the name change. The briefs were submitted on the same day, October 12, 2016. In his brief in support of the name change, J.L.Cr. ("the father") attached an affidavit that he and his parents had signed.
On October 13, 2016, the day after the parties submitted their briefs on the issue of the name change, the mother filed in the trial court a motion for oral arguments, asking that she be allowed to present testimony. On November 8, 2016, the trial court entered an order directing that the child's name be changed from H.L.Ca. to H.L.Cr. In the order, the trial court stated that its decision was based on the briefs the parties had submitted.
In support of her assertion that the trial court violated her right to due process when it denied her request for a hearing on the name-change issue, the mother cites authority for the proposition that, in custody determinations, a parent cannot be deprived of custody of his or her child without a hearing for which the parent has been properly served and an opportunity to be heard. She argues that, because parents or guardians are entitled to an evidentiary hearing in custody cases in which the trial court must determine the best interests of the child, an evidentiary hearing must be held before a minor child's name can be changed because that decision, too, involves the child's best interests. I do not find the mother's argument persuasive.
As the main opinion points out, "[n]o Alabama case has directly addressed the manner in which a party must present 'good cause' in order for a court to change the name of a child." 245 So.3d at 625. The law does not require an evidentiary hearing for the resolution of every dispute. Rule 43(e), Ala. R. Civ. P., provides that "[w]hen a motion is based on facts not appearing of record the court unless a jury is required may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions." (Emphasis added.)
In her appellate brief, the mother states that "[d]ue process requires that the party be afforded an opportunity to be heard before the entry of an order. Ex parte Russell, 911 So.2d 719, 725 (Ala. Civ. App. 2005)." The mother was provided with an *627 opportunity to be heard. The parties agreed to submit the name-change issue to the trial court through their respective briefs, and the mother submitted a brief to the trial court on that issue, just as the father did. Nothing in the record suggests that the trial court prevented the mother from making her own evidentiary submission in opposing the father's request for a name change, either with her initial brief on the issue or in a subsequent filing. I do not believe that the mother's argument on appeal provides this court with a basis for determining that the trial court erred in deciding the name-change issue based on the parties' respective briefs rather than holding an evidentiary hearing.
Because, pursuant to Rule 43(e), the trial court had the authority to decide the issue on briefs and because the mother failed to present a legal argument to this court demonstrating error on the trial court's part, I would affirm the judgment. Therefore, I dissent from the main opinion.
Pittman, J., concurs.