THOMPSON, Presiding Judge.
In November 2010, Anthony John Hub-bart (“the father”) filed an action in the Baldwin Circuit Court (“the trial court”) in which he sought, pursuant to § 30-3B-305, Ala.Code 1975, to register a July 2006 judgment of the Superior Court of Coweta *1160 County, Georgia. That July 2006 foreign judgment had divorced the father from Karen Jean Hubbart Baird (“the mother”), had awarded the mother custody of the parties’ two minor children, and had awarded the father visitation with the children. For the purposes of this opinion, we refer to the action initiated by the father’s November 2010 complaint as “the 2010 action.” Also in his complaint in the 2010 action, the father objected to the mother’s plans to relocate to another state with the children, and he sought a modification of the visitation provisions of the July 2006 foreign divorce judgment. On January 27, 2011, the trial court registered the Georgia divorce judgment as an Alabama judgment.
On February 22, 2011, the trial court conducted an ore tenus hearing in the 2010 action. At the conclusion of that hearing, the trial court issued an oral ruling finding that the mother had failed to comply with the notification provisions of the Alabama Parent-Child Relationship Protection Act (“the Act”), § 80-8-160 et seq., Ala.Code 1975, and sustaining the father’s objection to the mother’s proposed change of principal residence of the children.[1]
Three days later, on February 25, 2011, the mother filed a purported postjudgment motion, and she submitted in support of that motion a February 24, 2011, affidavit executed by her husband, Michael Baird.[2] On March 1, 2011, the trial court entered a judgment finding that the Act applied to the 2010 action and denying the proposed relocation under that Act. In that judgment, the trial court also modified the father’s visitation with the children. The mother did not appeal the March 1, 2011, judgment entered in the 2010 action.
On February 28, 2011, while the 2010 action was still pending in the trial court, the mother sent the father written correspondence notifying him of her intent to relocate to a particular address in Henderson, Nevada, with the parties’ two minor children. On March 16, 2011, the father filed another complaint objecting to that proposed change in the children’s principal residence; in that complaint, he also sought an award of an attorney fee and costs. That action is hereinafter referred to as “the 2011 action.” The mother answered the father’s complaint in the 2011 action, and she requested that the trial court allow the proposed relocation of the children to Henderson, Nevada.
The trial court conducted an ore tenus hearing over the course of two days. On August 15, 2011, the trial court entered a judgment in the 2011 action in which it denied the proposed change of the children’s principal residence and awarded the father an attorney fee of $4,957.66. The mother filed a postjudgment motion, which the trial court denied. The mother timely appealed to this court.
The record indicates that the parties’ 2006 divorce judgment incorporated an agreement reached by the parties. Pursuant to that judgment, the father was awarded the parties’ marital home, and the mother received their vacation home in Gulf Shores. Shortly after the divorce, the mother and the children relocated from Georgia to Gulf Shores to live in the vacation home, and they remained in that home *1161 at the time of the hearing in this matter.[3] The mother gave birth to Baird’s child in October 2006. The mother married Baird in March 2008, and he has resided in the Gulf Shores home with the mother and the children since that time. The father has resided in South Carolina since October 2006.
Baird works as a mechanic for an airline, and, beginning in 2008, he has worked for Southwest Airlines in Los Angeles, California. The mother explained that Baird worked in Los Angeles for one week and then returned to Alabama for one week. However, in May 2010, Baird accepted a promotion that required that he be able to commute daily to Los Angeles. The mother testified that, in the summer of 2010, she and Baird began investigating moving to California or to another state from which Baird could commute daily to and from Los Angeles by airplane.
The father testified that during a brief conversation with the mother in the fall of 2010, he learned of the mother’s plans to relocate with the children; he testified that the mother informed him she planned to relocate to Las Vegas. The father stated that immediately after learning of the mother’s plans to relocate, he consulted his attorney and filed the 2010 action to object to the planned relocation. During the February 22, 2011, hearing in the 2010 action, the father presented evidence indicating that the proposed relocation would make visitation with the children more difficult.
Also during the February 22, 2011, hearing in the 2010 action, the mother testified that she and her husband wanted to move “out west.” However, the mother testified that, at the time of that hearing, she did not have a house “out west,” and, therefore, she testified that she did not know to which city or town she would eventually relocate. The mother testified that she was not asking that she be allowed to relocate with the children to a specific location and that she wanted to be able to move anywhere near Los Angeles.[4] The mother testified that she had investigated several houses, that each house was in a different school system, and that she had investigated each school system. The mother testified that those school systems were good and that they generally had newer schools. The mother mentioned briefly during the February 22, 2011, hearing that one of the school systems she had investigated was located in Henderson, Nevada.
Six days after the trial court made its February 22, 2011, oral ruling denying the proposed relocation and change of principal residence of the parties’ minor chil *1162 dren, and one day before the trial court entered its judgment in the 2010 action, the mother, pursuant to § 30-3-165, Ala. Code 1975, notified the father of her intent to relocate to Henderson, Nevada. That notification set forth information such as the address of the house into which the family intended to move, and it identified the schools the parties’ children would attend in Nevada. The notification cited Baird’s employment as the reason for the proposed relocation to Nevada. It is undisputed that the February 28, 2011, notice was made in compliance with the notification provisions of the Act.
During the ore tenus hearing in the 2011 action, the father again presented evidence in support of his argument that his ability to visit with, and his relationship with, the children would be damaged by the proposed relocation to Nevada. The mother presented specific evidence regarding the house she and Baird had purchased in Henderson, Nevada; about the schools the children would attend; and about cultural opportunities available to the children in Nevada.
During the hearing in the 2011 action, the father argued that the mother knew that she planned to move to Henderson, Nevada, at the time of the February 22, 2011, hearing in the 2010 action but that she had failed to acknowledge that plan at that hearing. The father submitted evidence, including a February 23, 2011, email from the mother to the father and Baird’s February 24, 2011, affidavit, that tended to support that argument.[5] In her testimony during the hearing in the 2011 action, the mother denied that she knew during the February 22, 2011, hearing that the family would be moving to Henderson, Nevada.
On appeal, the mother contends that the trial court erred in denying her request to relocate to Nevada with the children. In denying the mother permission to change the principal residence of the children in its August 15, 2011, judgment, the trial court determined that “there was no material change in circumstances” between the time of its denial of the initial request to relocate and the mother’s February 28, 2011, notification to the father of her intent to relocate the children to Henderson, Nevada.[6] The court stated that it found “that this is a successive petition and that the [mother] did not like the result of the first time and simply re-filed.” Also, at the close of the ore tenus hearing, in summarizing its intent to deny the mother’s request to relocate, the trial court stated that it believed the mother had concluded that “I did not get it right last time so I am going to do it again,” that it must treat the mother’s second request to relocate with the children as a request to modify the earlier judgment denying her initial request, and that the mother had failed to demonstrate a change in circumstances since the entry of the most recent judgment.
The mother contends that the trial court erred in determining that she was required to show a material change in circumstances in the 2011 action in order to obtain permission to move to Nevada with the children. The mother cites Daugherty v. Daugherty, 993 So.2d 8,14 (Ala.Civ.App.2008). In that case, the trial court entered *1163 a judgment authorizing the mother’s relocation with the parties’ minor children. The father appealed, arguing, among other things, that the mother was required to meet the standard set forth in Ex parte McLendon, 455 So.2d 86B (Ala.1984), in order to relocate. This court rejected the father’s argument, concluding that § 30-3-169.4, Ala.Code 1974, required that the mother overcome the presumption that the proposed relocation was not in the children’s best interests and that the mother had met that burden. The court then stated that “[tjhere is no statute or case-law that requires the mother to further meet the McLendon standard in order to receive permission to relocate.” Daugherty v. Daugherty, 993 So.2d at 14.
In this case, the trial court did not require the mother to meet the McLendon standard. Rather, the trial court determined that it had already denied the mother’s request to relocate as part of its judgment in the 2010 action and, therefore, that, in the 2011 action, the mother was seeking to modify that earlier judgment in the 2010 action. The trial court concluded that, in order to modify its earlier, March 1, 2011, denial of her original request to relocate, the mother was required to demonstrate a material change in circumstances since the entry of the most recent judgment pertaining to the issue of the principal residence of the children. We agree.
The Act implicates and governs issues of custody, visitation, and the residence of children whose parents have divorced. Such issues are always subject to modification upon a proper petition. See, e.g., P.A. v. L.S., 78 So.3d 979, 982 (Ala.Civ.App.2011) (“Those earlier custody orders contain no indication that those orders were pendente lite custody orders rather than awards of custody subject to possible modification upon properly filed modification petitions.”); and McQuinn v. McQuinn, 866 So.2d 570, 575 (Ala.Civ.App.2003) (An award of visitation is final as to that issue “except as it may be subject to modification upon a change in circumstances .... ”). As the trial court noted, pursuant to the law pertaining to the modification of custody and visitation, a material change in circumstances must be demonstrated. See Ex parte McLendon, supra (in modifying an award of primary physical custody, the party seeking the modification must demonstrate, in part, a material change in circumstances); Morgan v. Morgan, 964 So.2d 24, 34 (Ala.Civ.App.2007) (“In cases in which a parent seeks a modification of a joint-custody arrangement, the parent must prove ‘ “a material change of circumstances of the parties since the prior [judgment] which change of circumstances is such as to affect the welfare and best interest of the child or children involved.” ’ ” (quoting Watters v. Watters, 918 So.2d 913, 916 (Ala.Civ.App.2005), quoting in turn Ponder v. Ponder, 50 Ala.App. 27, 30, 276 So.2d 613, 615 (Ala.Civ.App.1973))); Flanagan v. Flanagan, 656 So.2d 1228,1230 (Ala.Civ.App.1995) (a party must establish a material change in circumstances to warrant a modification of visitation); and N.T. v. P.G., 54 So.3d 918, 920 (Ala.Civ.App.2010) (“On a petition to modify visitation, a court ... decides whether modification is warranted based on changed circumstances.”).
Similarly, we conclude that a party seeking to modify a judgment denying a request to change the principal residence of a child pursuant to the Act must demonstrate a material change in circumstances since the entry of the most recent judgment on that issue. Accordingly, we cannot say that the trial court erred in determining that, in this case, the mother was required to demonstrate a material change in circumstances in order to modify the *1164 March 1, 2011, judgment in the 2010 action that had denied her original request to relocate with the children.
The mother also argues that the trial court erred in denying her request to relocate with the parties’ children based on the evidence presented to it. In its August 15, 2011, judgment, the trial court determined that there had been no material change in circumstances since the entry of the judgment in the 2010 action. At the conclusion of the hearing in the 2011 action, the trial court explained that determination by stating that the only changes it found had occurred since the entry of the judgment in the 2010 action were that the mother and Baird had closed the sale on their purchase of a home in Nevada and that the mother had sent the father a proper, specific notification of the details of the proposed relocation, as required by the Act.
The mother argues that the trial court erred in determining that there had been no material change in circumstances. In making that argument, the mother first contends in her brief to this court that she could not have presented detailed evidence pertaining to the proposed relocation any sooner because that information was not yet available to her at the time of the February 22, 2012, hearing in the 2010 action. Therefore, she contends, the evidence that she presented at the hearing in the 2011 action in support of her request to relocate demonstrated a material change in circumstances.
However, even assuming that the mother did not know the details of her proposed relocation at the time of the February 22, 2011, hearing, her purported inability to comply with the Act at that time was an issue and argument that could have been raised in a proper appeal of the March 1, 2010, judgment in the 2010 action. Filing such an appeal would have been the appropriate method of determining whether the trial court had abused its discretion in denying the mother’s request to relocate at that time. Glover v. Glover, 730 So.2d 218, 221 (Ala.Civ.App.1998). However, the mother failed to appeal the judgment in the 2010 action.
The mother also contends that the evidence she presented at the hearing in the 2011 action demonstrated a material change in circumstances since the entry of the judgment in the 2010 action. The mother argues that she presented evidence indicating that, after the initial February 22, 2011, hearing, she learned that the family would be moving to Henderson, Nevada, a fact she says was not available to her at the time of the original hearing. Indeed, the mother based her evidence in support of her request for the relocation on the basic assertion that, before the last court hearing, she had had no knowledge of the exact location of the proposed move. However, the evidence in the record on appeal on that issue was disputed. The evidence would support a conclusion that the mother was aware at the time of the February 22, 2011, hearing in the 2010 action that the offer for the home in Henderson, Nevada, had been accepted and that she and Baird were planning to move to that home. It appears that the trial court reached that conclusion, because it stated at the close of the hearing in the 2011 action that the only changes in circumstances had been the closing of the sale of the house in Henderson, Nevada, and the mother’s compliance with the notification provisions of the Act. The trial court stated: “So I do not think I have a change of circumstances that has occurred here, that the situation is essentially the same that she just did not file the document right the first time and was taking another bite at the apple.” Given the record on appeal, we cannot say that the *1165 mother has demonstrated that the trial court erred in concluding that she had failed to demonstrate a material change in circumstances such that it should modify its earlier judgment denying the proposed change in the children’s principal residence.
The mother also argues that the trial court erred in awarding the father an attorney fee. However, the mother failed to cite to any authority in support of that argument, and, therefore, she has not complied with the requirements of Rule 28(a)(10), Ala. R.App. P., with regard to that argument. When an appellant fails to cite to supporting authority, this court may affirm. Spradlin v. Birmingham Airport Auth., 613 So.2d 347, 348 (Ala.1993); Thomason v. Redd, 565 So.2d 259, 260 (Ala.Civ.App.1990). Accordingly, we conclude that the mother has failed to demonstrate error as to this issue.
AFFIRMED.
PITTMAN, BRYAN, and THOMAS, JJ., concur.
MOORE, J., concurs in the result, without writing.

. The trial court also announced its intention to modify the visitation provisions of the divorce judgment.

. A valid postjudgment motion may be filed only in reference to a final judgment. Malone v. Gainey, 726 So.2d 725, 725 n. 2 (Ala.Civ.App.1999). The trial court’s February 22, 2011, oral ruling did not constitute a final judgment.

. The mother had rented the Gulf Shores home to others during the summer of 2011, as, she stated, she had done for several years past; the family stayed elsewhere when the home was rented to others. However, it is clear that the Gulf Shores home was considered the principal residence of the mother and the parties' children.

. In that line of questioning, the mother testified as follows:
“[MOTHER’S ATTORNEY], Are you asking this Court to just give you a carte blanche, move where you want to sort of place?
"A. I don't know where I can find a house, so it would be — no—yes. Yes.
“Q. And as we sit here this morning of February 22nd, you are not asking the Court to allow you to move to Las Vegas, Nevada, Los Angeles, California or any other particular place, are you?
"A. I don't have a house, so I don’t know where I’m going to move.
"Q. But you're not asking for a particular location, are you?
"A. Correct.
"Q. You want to just be able to move anywhere you want to out West?
"A. Correct.”

. During the first day of the hearing in the 2011 action, Baird’s February 24, 2011, affidavit was admitted into evidence without objection by the mother; it was designated as "Plaintiff's Exhibit 1."

. The trial court and the parties referred to the February 22, 2011, oral ruling as the date of the original judgment, although that judgment was not actually entered pursuant to Rule 58(c), Ala. R. Civ. P., until March 1, 2011.