THOMPSON, Presiding Judge.
Marci L. Dean (“the mother”) and Scottie C. Jones (“the father”) were divorced by a January 17, 2008, judgment of the Morgan Circuit Court (“the trial court”). That divorce judgment incorporated the terms of a settlement agreement reached by the parties in which the father agreed to forgo his rights of visitation with the parties’ minor child. Pursuant to the divorce judgment, the mother was awarded sole legal and physical custody of the minor child, a daughter, born of the parties’ marriage, with “the father not having any right to visit with the minor child.” In addition, that judgment provided that the father had no child-support obligation for the child.
The January 17, 2008, divorce judgment also specified that the terms of an October 16, 2007, protection-from-abuse order then in place would remain in effect for five years from the date of the divorce. The mother had obtained the initial, October 16, 2007, protection-from-abuse order following an August 21, 2007, incident of domestic violence. According to an affidavit submitted by the mother to the trial court, in that August 21, 2007, incident, the father and his brother assaulted the mother in the presence of the child and the mother’s older child from a previous relationship.
In July 2011, the father pleaded guilty to a second-degree felony-assault charge and agreed to serve 10 years in prison, but that sentence was suspended on the condition that the father be placed on 3 years’ supervised probation. It is not clear from the materials submitted to this court whether the felony-assault conviction was related to the August 21, 2007, domestic-violence incident.[1]
On June 18, 2012, the father filed in the trial court a petition seeking to modify the January 17, 2008, divorce judgment to award him visitation with the child. The father alleged simply that a material change in circumstances had occurred such that he “wants in every way to parent and spend time with the minor child.”[2] The father also stated that he was willing and able to contribute to the support of the child.
The mother answered and opposed the father’s petition seeking visitation with the child. The mother also counterclaimed, seeking an extension of the protection-from-abuse order referenced in the par *343 ties’ divorce judgment and an award of an attorney fee.
The father amended his modification petition to allege that he is disabled because of ill health and that he is unable to work; however, the father alleged that he can properly care of the child during visitation. The mother moved to strike that amended petition or, in the alternative, for a more definite statement of the relief sought by the father.
On March 8, 2013, the trial court entered an order denying the mother’s motion to dismiss the amended petition but granting her motion to the extent that it requested a more definite statement. The court ordered that, within seven days, the father was to file a statement “detailing the reasons why it is in the best interests of the child to modify the visitation ordered by the divorce [judgment].”[3] Also in its March 8, 2013, order, the trial court appointed a guardian ad litem for the child and awarded the father supervised visitation with the child on two specific Saturdays in March 2013; the order specified that the visitation was to be supervised by the mother or her appointee. The March 8, 2013, order then stated that the parties were to appear at a pendente lite eviden-tiary hearing scheduled for April 9, 2013.
The mother filed a March 15, 2013, motion objecting to the award of visitation to the father in the absence of an evidentiary hearing and seeking to suspend the visitation until after evidence could be presented at the scheduled April 9, 2013, pendente lite hearing; the mother cited the father’s past domestic violence and her concern for ensuring the child’s safety and her own safety as the basis for that request. In support of her March 15, 2013, motion, the mother submitted an affidavit to the trial court. In that affidavit, the mother described in detail the August 21, 2007, domestic-violence incident in which the father and his brother assaulted her. The mother testified that the father was sentenced on a charge of second-degree felony assault, but she did not explicitly state that that conviction was related to the August 21, 2007, domestic-violence incident. See note 1, supra. The mother cited the father’s attendance of a substance-abuse program as a basis for her concern that he might continue to be involved with illegal drugs. The mother also testified that the child, who was then five years old, has never had a relationship with the father. The mother stated that, given the “history of domestic violence” by the father, she did not believe the child should be required to visit the father. Further, the mother alleged that it was not in the child’s best interests to be introduced to the father in a public park, as was required in the March 8, 2013, order, and that such a meeting place could not ensure the safety of the child or the mother.
It does not appear that the trial court ruled on the mother’s March 15, 2013, motion to suspend the father’s pendente lite visitation. It is undisputed that at least some visitation occurred pursuant to the March 8, 2013, order.
On March 25, 2013, the mother filed a motion seeking a continuance of the April *344 9, 2013, pendente lite hearing. That motion alleged that the mother’s attorney had a scheduling conflict and that it would be in the child’s best interests to meet with the guardian ad litem before the pendente lite hearing. The father responded on April 1, 2013, by alleging that he did not oppose a continuance if the court would award him additional visitation with the child in the interim. The guardian ad litem filed a response to the mother’s motion to continue in which the guardian ad litem did not oppose the requested continuance but recommended that visitation should be awarded to the father if the continuance was granted.
On April 4, 2013, the trial court entered an order granting the mother’s request for a continuance and rescheduling the pen-dente lite hearing for June 18, 2013. The April 4, 2013, order then states:
“As the March 8, 2013, order anticipated a hearing in April, it did not deal with visitation past March 30, 2013. The court has taken notice of the arguments of the parties in their motions regarding visitation, as well as the input of the guardian ad litem, and finds that the pattern of visitation established in the March 8, 2013, order shall continue. The father will continue to exercise supervised visits every other Saturday afternoon at Riverside Park in Decatur, Morgan County, Alabama, from 2:00 PM to 3:30 PM, beginning on Saturday, April 13, 2013. The child is to be accompanied at each visit by the mother or her appointee, and the mother or her appointee shall monitor and supervise the visit in its entirety, though they need not be at the child’s side. The supervising party should be within sight and hearing of the child. The court contemplates that these visits will keep both the mother (or her appointee) and the child safe, in that they are supervised, limited in duration, and held in an open, public place during daylight hours. In the event of rain or other inclement weather, the visits shall be held at the McDonald’s in Priceville, Morgan County, Alabama. If any situation occurs at any of the aforementioned visits that puts the child in any physical or emotional harm, the supervising party (if not the mother) is to report it immediately to the mother, who shall report the same to her attorney and the guardian ad litem.”
On April 18, 2013, the mother filed a timely petition for a writ of mandamus in this court.[4]
“ ‘A writ of mandamus is an extraordinary remedy, and it “will be issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.” ’ ”
Ex parte Monsanto Co., 862 So.2d 595, 604 (Ala.2003) (quoting Ex parte Butts, 775 So.2d 173, 176 (Ala.2000), quoting in turn Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993)).
The mother argues that the trial court violated her due-process rights by awarding the father pendente lite visitation without first conducting an evidentiary hearing. Our supreme court has held that, “except in certain narrow circumstances ..., a parent having custody of a minor child cannot be deprived of that custody, even temporarily, without being given ade *345 quate notice under Rules 4 and 5, A[la]. R. Civ. P., and an opportunity to be heard.” Ex parte Williams, 474 So.2d 707, 710 (Ala.1985). This court has explained:
“ ‘[A] parent is entitled to due process in proceedings involving the custody of a child.’ Strain v. Maloy, 83 So.3d 570, 571 (Ala.Civ.App.2011). In Strain v. Maloy, supra, this court explained:
“ ‘ “In dealing with such a delicate and difficult question — the welfare of a minor child — due process of law in legal proceedings should be observed. These settled courses of procedure, as established by our law, include due notice, a hearing or opportunity to be heard before a court of competent jurisdiction.”
“ ‘Danford, [v. Dupree ], 272 Ala. [517,] 520, 132 So.2d [734,] 735-36 [ (1961) ]. As this court has further explained:
“ ‘ “[Procedural due process contemplates the basic requirements of a fair proceeding including an impartial hearing before a legally constituted court; an opportunity to present evidence and arguments; information regarding the claims of the opposing party; a reasonable opportunity to controvert the opposition’s claims; and representation by counsel if it is desired.”
“ ‘Crews v. Houston Cnty. Dep’t of Pensions & Sec., 358 So.2d 451, 455 (Ala.Civ.App.1978) (emphasis added).’ “83 So.3d at 571.”
Gilmore v. Gilmore, 103 So.3d 833, 834-35 (Ala.Civ.App.2012).
In Ex parte Russell, 911 So.2d 719 (Ala.Civ.App.2005), the trial court awarded the father in that case pendente lite custody of a child based on the father’s allegations that the mother used illegal drugs, had committed domestic violence, and was mentally unstable. The father did not allege that the mother’s conduct or situation had endangered the child. Among other things, this court stated:
“[Our] Supreme Court [has] held that, in postdivorce proceedings brought by a parent in a circuit court to modify custody, the general rule is that ‘a parent having custody of a minor child cannot be deprived of that custody, even temporarily, without being given adequate notice under Rules 4 and 5, [Ala.] R. Civ. P., and an opportunity to be heard.’ [Ex parte Williams,] 474 So.2d [707,] 710 [ (Ala.1985) ]. The Supreme Court further held that the only exception to this general rule is a situation in which the ‘ “actual health and physical well-being of the child are in danger.” ’ 474 So.2d at 710 (quoting Thorne v. Thorne, 344 So.2d 165, 171 (Ala.Civ.App.1977)) (emphasis omitted).”
Ex parte Russell, 911 So.2d at 723.
In Ex parte Russell, supra, the father had made no allegation and had presented no evidence indicating that the child’s welfare was endangered. Rather, the father in that case maintained that the arguments and assertions of his attorney in support of his request for pendente lite custody were sufficient to support the award. This court disagreed, however, noting that un-sworn assertions of counsel are not evidence. 911 So.2d at 725. This court also concluded that due process requires that, in an action seeking to modify custody, the party seeking an award of pendente lite custody must “introduce evidence establishing that an award of pendente lite custody to him [or her is] in the best interest of the child.” Ex parte Russell, 911 So.2d at 725.[5] See also Ex parte Norlander, 90 *346 So.3d 183 (Ala.Civ.App.2012); Ex parte Couey, 110 So.3d 378 (Ala.Civ.App.2012) (the allegations in the father’s motion for pendente lite custody were insufficient to warrant a transfer of pendente lite custody without first affording the mother notice and an opportunity to be heard).
In seeking to modify the divorce judgment, the father filed a motion seeking “emergency” pendente lite visitation with the child. However, in that “emergency” motion, the father did not allege that the child was in any danger such that the exception set forth in the foregoing cases should be applied to award him custodial periods, i.e., visitation, without first affording the mother due process and an opportunity to present evidence on the issue whether the father should be awarded pen-dente lite visitation.
“This court has explained the requirement of affording notice to a parent of a threatened deprivation of his or her custody rights as follows:
“ ‘Although the state has a compelling interest in determining the best interest and welfare of a child, the interest is not compelling enough to allow the determination to be made without notice to the child’s parents. The purpose of requiring notice is to preserve the fairness of the hearing; and it is of vital importance to the child, as well as the parent, that the hearing be fair. A parent must have notice of the issues the court will decide in order to adduce evidence on those issues before the court, to give the court a basis from which a determination most beneficial to the child can be made. Otherwise, the child, rather than being helped, might even be harmed.’ ”
Ex parte Franks, 7 So.3d 391, 394-95 (Ala.Civ.App.2008) (quoting Thorne v. Thorne, 344 So.2d 165,170 (Ala.Civ.App.1977)).
This is not a typical case in which parents who have shared custody of a child are divorcing or in which a noncustodial parent has been exercising custody of or visitation with his or her child. Rather, in this case, after committing domestic violence against the mother in the child’s presence, the father agreed to waive his right of visitation with the child, and that agreement was incorporated into the parties’ January 17, 2008, divorce judgment. The divorce judgment specified that the father was awarded no visitation -with the child, and, at the time he filed his modification petition, the father had not seen the five-year-old child for at least four and a half years. The father is seeking to modify the mother’s sole legal and physical custody of the child and to obtain periods of visitation, i.e., custodial periods, for himself. Thus, a decision on the father’s petition will impact the custody rights of the mother, who has sole legal and physical custody of the child.
The mother appears to have a valid basis supporting her safety concerns for herself and the child. The father has the burden of demonstrating a material change in circumstances in support of his modification petition. Baird v. Hubbart, 98 So.3d 1158, 1163 (Ala.Civ.App.2012); see note 2, supra. Before the matter is considered on the merits, however, due process dictates that, even before the trial court can award the father pendente lite visitation with the child, an evidentiary hearing must be conducted to determine whether that visitation is in the best interests of the child and, given the facts of this case, if pendente lite visitation is to be awarded, what measures should be taken *347 to ensure the safety of the child and the mother.
In her petition for a writ of mandamus, the mother also argues that the trial court appears to have engaged in an impermissible ex parte communication with the guardian ad litem. In its April 4, 2013, order providing that the father’s visitation was to be extended, the trial court stated that it had relied on the arguments the parties asserted in their motions and on “the input of the guardian ad litem,” which was expressed in the guardian ad litem’s April 3, 2013, response to the mother’s motion to continue.
As the mother points out, in Ex parte R.D.N., 918 So.2d 100, 105 (Ala.2005), our supreme court held that the trial court’s consideration of the guardian ad litem’s recommendation on the issue of custody violated the father’s due-process rights because the recommendation was made in a private conference with the judge and without the parties’ having an opportunity to question or contest the recommendation in court. This court explained:
“The guardian ad litem’s recommendation that the child remain with the mother was not presented as evidence produced in open court and was based on information that may or may not have been properly presented to the court. As a result, the father was denied the opportunity to respond with rebuttal evidence and to present reasons why the recommendation of the guardian ad litem should not be followed. The mother was also denied the opportunity to respond and present reasons why the guardian ad litem’s recommendation should be followed.
“The guardian ad litem made no recommendation on the record either by testimony or in a written report before or during the July 2002 hearing. The guardian ad litem apparently formed and expressed her opinion on the merits before the case was presented on the merits and stated conclusions openly hostile to the father’s position. There is no evidence in the record indicating that the guardian ad litem had any recognized qualifications that demonstrated that she had a unique ability to make a recommendation on child custody. Consequently, the right to contest the accuracy, substance, impartiality, and quality of the guardian ad litem’s recommendation to the court concerning the custody of the child was a procedural right denied the father in this case.”
Ex parte R.D.N., 918 So.2d at 104-05 (footnotes omitted).
Ex parte R.D.N. involved a final custody determination. However, the facts in that case are similar to those of this case in that the guardian ad litem in this case has not filed a report with the trial court or been subjected to questioning regarding the recommendation she made in her response to the mother’s motion to continue.
However, this case does seem to be distinguishable from Ex parte R.D.N. in that the guardian ad litem does not appear to have engaged in the type of ex parte communication at issue in Ex parte R.D.N. Rather, it appears to this court that the trial court, in reaching its April 4, 2013, ruling, relied on the recommendation the guardian ad litem asserted in her response to the mother’s motion to continue the pendente lite hearing, i.e., that the visits should continue as a method of furthering her investigation.[6] Regardless, arguments by counsel, in this case by counsel for the child in a response to a motion to continue, *348 are not evidence upon which a trial court may rely in making a ruling. Ex parte Russell, 911 So.2d at 725; Town of West-over v. Bynum, 68 So.3d 840, 848 (Ala.Civ.App.2011). Accordingly, we agree with the mother that, in this case, the trial court erred in relying on the “input” of the guardian ad litem.
Given the facts of this case, we conclude that due process dictates that the mother is entitled to an evidentiary hearing on the issue whether the father should be awarded pendente lite visitation with the child as he pursues his claim that a material change in circumstances has occurred such that he should be awarded visitation with the child. Ex parte Williams, supra; Ex parte Russell, supra. Accordingly, we conclude that the mother has shown a clear legal right to the relief requested in her petition for a writ of mandamus. The trial court is ordered to vacate its March 8, 2013, order and its April 4, 2013, order and to conduct an evidentiary hearing on the issue of pendente lite visitation.
PETITION GRANTED; WRIT ISSUED.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. The mother alleges in her brief submitted to this court that the father’s felony-assault conviction was a result of the assault on her. An affidavit submitted by the mother to the trial court does, as the father contends, tend to imply that the assault conviction was related to the domestic-violence incident. In his response to the petition for a writ of mandamus, the father does not state that the mother was not the victim of the incident that resulted in his felony-assault conviction. Rather, he states, correctly, that the criminal-sentencing order pertaining to that conviction, which the mother submitted to the trial court, neither implies nor states that the mother or the child was a victim of that assault.
However, in support of a motion to quash a stay entered by this court in this matter, the father’s attorney "represents” to this court that the father’s felony-assault conviction “has nothing to do” with any domestic violence against the mother or the child. The father’s attorney cites as support for that representation a letter he says is from a district attorney. The exhibit referenced, however, is an unauthenticated letter signed by a victims’ service officer; that letter is one sentence in length and states; ”[t]he names [of the mother and the child] are not indicated as having any involvement in the above-referenced criminal case.”

. The father, in pursuing his petition to modify the visitation provision in the divorce judgment, must demonstrate a material change in circumstances and that the proposed change is in the child’s best interests. Baird v. Hubbart, 98 So.3d 1158, 1163 (Ala.Civ.App.2012).

. The father’s amended petition in response to that order contains a more detailed statement of the basis for his claim that a material change in circumstances has occurred, alleging, among other things, that he now has more time for the child because his other children from other relationships are older and because he is disabled and unable to work; that the mother has moved back to Alabama from Florida, where she had moved after the 2007 domestic-violence incident; that the child is no longer an infant and he is capable of caring for her; and that he is a more spiritually oriented person than he used to be.

. The mother's petition for a writ of mandamus is timely with respect to both the March 8, 2013, order and the April 4, 2013, order. See Ex parte Fiber Transp., L.L.C., 902 So.2d 98, 99-100 (Ala.Civ.App.2004) (the presumptively reasonable time in which to file a petition for a writ of mandamus is 42 days from the entry of the order being challenged).

. The court in Ex parte Russell, supra, noted that its determination that the requirement that the father present evidence pertaining to the child's best interests with regard to pen- *346 dente lite custody did "not shift the evidentia-ry burden” the father was required to meet in pursuing his modification action. 911 So.2d at 725.

. In that response, the guardian ad litem recommended that visitation continue in order to "reveal a pattern of interaction between [the father] and [the child].”