THOMPSON, Presiding Judge,
dissenting.
I must respectfully dissent. I do not believe that Gary Tyrone McCoy (“the father”) presented sufficient evidence to prove that there has been a material change in circumstances to warrant the need for a change in the existing custody arrangement, or that a change in custody would materially promote the child’s welfare. See Baird v. Hubbart, 98 So.3d 1158, 1163 (Ala.Civ.App.2012) (citing Ex parte McLendon, 455 So.2d 863, 865-66 (Ala.1984)).
Janice Anita Jones (“the mother”) has had primary physical custody of the child since the parties divorced in 1997, when the child was about a year old. The child was 15 years old and in high school at the time of the trial. In his petition, the father cited the child’s desire to reside with the father — who now lives in Destín, Florida — and his belief that the mother was attempting to alienate the child from him as grounds warranting the custody modification. However, the father indicated that he had been concerned that the mother was attempting to alienate the child from him since 1999. Furthermore, when a child expresses a preference to live with the noncustodial parent in a modification proceeding, such a preference, without more, is insufficient to justify a change in custody. See Marusich v. Bright, 947 So.2d 1068, 1071 (Ala.Civ.App.2006) (citing Glover v. Singleton, 598 So.2d 995, 996 (Ala.Civ.App.1992)).
The mother has stressed academics throughout the child’s life. The child has consistently excelled in his studies, and he was accepted into the Loveless Academic Magnet Program High School (“LAMP”), which is highly ranked nationally. As the mother pointed out, the father did not voice an objection when the mother enrolled the child in LAMP. Although LAMP does not have a football team, the child takes part in extracurricular activities at the school. The evidence also indicates that the mother tends to be protective of the child.
The father agrees that academics are important, but he also focuses on developing what the child called “life skills” *1085 through participation in sports and social activities. The father intends to enroll the child in a more traditional public high school with a student body of approximately 2,000. The father has encouraged the child to try out for that school’s football team. Unlike the mother, the father encourages the child to be more independent.
In Bishop v. Knight, 949 So.2d 160 (Ala.Civ.App.2006), this court reversed a judgment modifying custody of the parties’ teenage son. The father in that case had sought the modification because the son wanted the modification and because he did not like the style of discipline the mother used when the son misbehaved. For example, when the son was suspended a second time from riding the school bus, the mother made him walk the three miles to and from school. The suspension lasted three days. The father did not agree with the mother’s punishment. Id. at 164. The father also disagreed with the mother’s decision to punish the son by excluding him from a family event, cutting his hair, and paddling him. Id. The son testified that he was paddled for things like not cleaning his room after repeatedly being told to do so, for saying “yeah” instead of “yes, sir” and “yes, ma’am,” for being suspended from the school bus, and for receiving bad grades. Id.
The trial court in Bishop modified custody after finding that the mother was physically abusing the son and that he was suffering emotional harm because of the mother’s disciplinary style. This court determined that the evidence did not support the trial court’s findings and that the evidence did not merit a change in custody. Id. at 168.
In this case, there is no question that the parenting styles of the father and the mother differ greatly. However, there is no evidence in the record that would support a conclusion that the mother’s parenting style is causing the child physical or emotional harm. Although I may not agree with all of the methods used by the mother in raising her son, I do not believe it is this court’s place, or that of the trial court, to implicitly find that one style of parenting is better than another and to modify custody based on a preference of parenting style.
Our supreme court has previously stated that “[t]he burden imposed by the McLen-don standard is typically a heavy one” and that it is “meant to minimize disruptive changes of custody because this Court presumes that stability is inherently more beneficial to a child than disruption.” Ex parte Cleghom, 993 So.2d 462, 468 (Ala.2008) (citing Ex parte McLendon, 455 So.2d at 865). I do not believe that the father met that heavy burden in this case. Without the requisite showings of a material change in circumstance and that a custody modification would materially promote the welfare of the child, custody should remain with the mother, who has been the child’s custodial parent for the last 14 years. Accordingly, I would reverse the judgment of the trial court.