DONALDSON, Judge,
concurring specially.
I concur fully in the holdings of the main opinion that the visitation rights of a noncustodial parent with a child cannot be deprived without due process of law; that those rights should not be deprived without notice and an opportunity to be heard in advance except under the extraordinary circumstances cited; and that the parent whose visitation rights have been suspended in such extraordinary circumstances should be given “notice and an opportunity to be heard as expeditiously as possible.” Ex parte Couey, 110 So.3d 378, 381 (Ala. Civ.App.2012). I write separately to address two issues that might arise from those holdings.
In Ex parte Dean, 137 So.3d 341, 346 (Ala.Civ.App.2013), we were presented with the issue of the trial court’s award of pendente lite visitation over objections from the custodial parent pending resolution of the noncustodial parent’s request to modify of a divorce judgment, which had not awarded the noncustodial parent visitation with the child. We held that
“due process dictates that, even before the trial court can award [a noncustodial parent who had been denied visitation] pendente lite visitation with the child, an evidentiary hearing must be conducted to determine whether that visitation is in the best interests of the child and, given the facts of this case, if pendente lite visitation is to be awarded, what measures should be taken to ensure the safety of the child and the [custodial parent].”
Id. at 346. The right to an evidentiary hearing discussed in Dean should also extend to the notice and opportunity to be heard to be afforded a noncustodial parent following the entry of an ex parte order suspending visitation. I note, however, that a pendente lite hearing is an interlocutory hearing only, and the scope of and extent of the proceedings will often be more limited than the final hearing. The party seeking to continue the suspension of visitation after the entry of an ex parte order should bear the initial burden of presenting sufficient facts from which the trial judge could find that the health and welfare of the child would be adversely affected if visitation is restored. The party opposed to the order should have an opportunity to challenge the assertions. But the trial judge remains vested with the authority to exercise “reasonable control over the mode and order of interrogating witnesses and presenting evidence,” Rule 611(a), Ala. R. Evid., and must balance the interests of the parents and the child based on the circumstances presented. For example, if a criminal investigation is pending, the interlocutory hearing might need to be adjourned, if appropriate, while the investigation proceeds.
Second, what constitutes an expeditious opportunity to be heard is within the discretion of the trial judge to determine without reference to the “72-hour” expectation of Ex parte Couey. Suspending visitation will often differ from changing custody in that there might be less of an immediate impact upon the noncustodial parent and child as result of the suspended visitation. As a practical matter, the affected visitation might not be imminent and, thus, there might be less urgency for the hearing to occur. Also, although the “72-hour” expectation established in Ex parte Couey is not directly before us, I question whether this court has the authority to impose upon the trial court a specific period in which a hearing must be held. The supreme court is empowered “to issue such remedial writs or orders as may be necessary to give it general supervision and control of courts of inferior jurisdiction” and to “make and promulgate *155 rules governing the administration of all courts and rules governing practice and procedure in all courts....” Ala. Const. 1901, Art. VI, §§ 140(b) and 150; see also § 12-2-7, Ala.Code 1975. I also recognize that the legislature may enact a statute requiring the trial court to conduct a hearing within a certain time. See § 12-15-308(a), Ala.Code 1975 (requiring a hearing to be held within 72 hours of removing a child from the custody of a parent in dependency proceedings). This court has “the power to issue all writs necessary or appropriate in aid of appellate jurisdiction-” Ala. Const.1901, Art. VI, § 141(c). Establishing a specific period in which a hearing must be held appears to me to fall within the “general supervision and control” and rule-making authority granted to the supreme court and/or within the power of the legislature, hopefully following input from the trial courts on the issue, but would not be “necessary or appropriate” to aid this court’s appellate jurisdiction. As such, I would leave it to the trial court’s discretion to schedule the hearing expeditiously. In this case, the time for the hearing exceeds the bounds of that discretion, and I therefore concur in granting the petition for the writ of mandamus.