MOORE, Judge.
K.M.D., the custodian of T.N.B. II (“the child”), petitions this court for a writ of mandamus directing the Montgomery Juvenile Court (“the juvenile court”) to .vacate its July 29, 2015, order granting T.N.B., Sr. (“the presumed father”),[1] supervised visitation with ..the child pending determinations, in consolidated actions, re *72 garding the petition of KM.D. (“the custodian”) for adoption of the child and regarding the presumed father’s petition to modify custody and visitation of the child. We grant the petition and issue the writ.[2]

Background

On March 10, 2014, the juvenile court entered a judgment in case numbers JU-13-758.02 and JU-13-758.03 that, among other things, declared the child dependent, awarded custody of the child to the custodian, and awarded the child’s paternal grandparents supervised visitation. The juvenile court did not award the presumed father any visitation with the child. On April 4, 2014, the juvenile court amended its March 10, 2014, judgment to, among other things, allow the parties to modify the visitation of the paternal grandparents by agreement. (Exhibit 3 to Petition). On or about January 21, 2015, the custodian filed in the Montgomery Probate Court a petition to adopt the child, along with a consent to the adoption of the child signed by the child’s mother. The probate court transferred the adoption case to the juvenile court on January 22, 2015. On April 30, 2015, the presumed father filed an objection to the custodian’s petition to adopt the child. On May 5, 2015, the presumed father filed in the juvenile court a petition for custody of the child. On May 13, 2015, the custodian filed a motion for a summary judgment with regard to the presumed father’s adoption contest, arguing that the presumed father’s consent to the adoption was not required because he had not timely registered with the Alabama Putative Father Registry. See Ala. Code 1975, § 26-10C-1.
On May 22, 2015, the presumed father filed a motion seeking pendente lite visitation. On July 6, 2015, the juvenile court held a hearing on the presumed father’s request for pendente lite visitation.
At the July 6, 2015, hearing, the presumed father’s attorney presented arguments, but did not present evidence in support of the presumed father’s motion. The presumed father’s attorney argued that the presumed father had been incarcerated in prison, that he had been addicted to methamphetamine, ■ and that he had attended drug rehabilitation for 18 months after being released from prison. The presumed father’s attorney further stated that the presumed father had not had any visitation with the child in over three years. The child was three years, eight months old at the time of the July 6, 2015, hearing. The presumed father’s attorney stated that, at the time of the hearing, the presumed father was gainfully employed, was married, was active in church, and was drug-free.
The custodian requested that, instead of receiving only arguments of counsel, the juvenile court take testimony from the parties, particularly from the child’s mother regarding the presumed father’s alleged past abuse of her in the presence of another minor child. The juvenile court, however, stated that it would consider the custodian’s unsworn statements at the hearing as testimony; no testimony was taken from the child’s mother. The child’s guardian ad litem expressed concern in allowing the presumed father to visit with the child after the presumed' father had been absent from the child’s life.
The custodian does not argue that the juvenile court erred in considering her statements at the hearing. We note that the custodian stated that the child had been in the home with the presumed fa *73 ther and the child’s mother for less than six months before the child was removed from their home. She admitted that the presumed father had not physically abused the child. The custodian stated that, in the past, the child had lacked security and stability and had knocked his head on his car seat to soothe himself but that he had come a long way since she had received custody of him. She stated that the child has behavioral issues for which he is prescribed medication. The • custodian also stated that the paternal grandparents had visited with the child alone only two times.
On July 8, 2015, the results of a paternity test established that the probability that the presumed father is the biological father of the child is 99.99%. On July 9,2015, the Montgomery County Department of Human Resources submitted to the juvenile court an evaluation of the presumed father’s, home. The conclusion of the evaluation indicated:
“While the structure itself - does not appear to pose any type of safety concern, this home evaluation yielded questions around the parents’ financial ability to meet the needs of the children. There are also concerns with [the presumed father’s] criminal history. Lastly, according to [the presumed father’s wife], the last meaningful contact either of them had with [the child] occurred last week when the paternity test was conducted.”
On July 16, 2015, the custodian filed a verified objection to the presumed father’s request for pendente lite visitation.
On July 29, 2015, the juvenile court entered an order awarding the presumed father pendente lite visitation to be supervised by the paternal grandparents; it noted that the custodian had stated that she had been allowing the paternal grandparents to exercise unsupervised visitation with the child and, thus, reasoned that the child would-be safe’ if he visited under the paternal grandparents’ supervision. The juvenile court’s order, however, also allowed the presumed father to transport the child while being supervised by only the presumed father’s current wife. On July 30, 2015, the custodian filed a motion to reconsider, a motion to stay, and a motion to clarify with the juvenile court.
On July 31, 2015, the custodian filed her petition for a writ of mandamus with this court. The custodian also requested that this court stay the visitation order pending this court’s decision on the mandamus petition; this court granted the stay pending the issuance of a decision on the mandamus petition.

Discussion

In her petition, the custodian first argues that the juvenile court erred in ordering pendente lite visitation without conducting an evidentiary hearing and requiring the presumed father to present evidence indicating that such visitation would be in the best interests of the child. In Ex parte Dean, 137 So.3d 341, 346-47 (Ala.Civ.App.2013), this court reasoned:
“This is not a typical case in which parents who have shared custody of a child are divorcing or in which a noncustodial parent has been exercising custody of or visitation with his or her child. Rather, in this case, after committing domestic violence against the mother in the child’s presence, the father agreed to waive his right of visitation with the child, and that agreement was incorporated into the parties’ January 17, 2008, divorce judgment. The divorce judgment ' specified that the father was awarded no visitation with the child, and, at the time he filed his modification petition, the father had not seen the five-year-old child for at least four and a half years. The father is seeking to modify the mother’s sole legal and phys *74 ical custody of the child and to obtain periods of visitation, i.e., custodial periods, for himself. Thus, a decision on the father’s petition will impact the custody rights of the mother, who has sole legal and physical custody of the child.
“The mother appears to have a valid basis supporting her safety concerns for herself and the child. The father'has the burden of demonstrating a material change in circumstances in support of his modification petition. Baird v. Hubbart, 98 So.3d 1158, 1163 (Ala.Civ.App.2012);.... Before the matter is considered on the merits, however, due process dictates that, even before the trial court can award the father pendente lite visitation with the child, an evidentiary hearing must be conducted to determine whether that visitation is in the best interests of the child and, given the facts of this case, if pendente lite visitation is to be awarded, what measures should be taken to ensure the safety of the child and the mother.”
Similarly, in Ex parte Russell, 911 So.2d 719, 725 (Ala.Civ.App.2005), this court stated: “[B]efore the trial court award[s] ... pendente lite custody, the [party seeking pendente lite custody must] introduce evidence establishing that an award of pen-dente lite custody to [that party is] in the best interest of the child. The unsworn statements, factual assertions, and arguments of counsel are not evidence.”
We conclude that the situation in the present case is similar to that in Dean. In this case,- it is undisputed that the-.presumed father was not awarded visitation in the March 10, 2014, judgment and that he had not visited the child in over three years. The presumed father’s attorney represented that, although the presumed father had been addicted to methamphetamine and had served time in prison, he had rehabilitated himself and was leading a stable life. We note, however, that there was no evidence presented supporting the assertions of the presumed father’s attorney. See Russell, 911 So.2d at 725 (“The unsworn statements, factual- assertions, and arguments of counsel are not evidence.”). The juvenile court therefore erred in awarding the presumed father pendente lite visitation without requiring him to present evidence indicating that such visitation is in the best interests of the child. Therefore, we grant the custodian’s petition and direct the juvenile court to set aside its order awarding the presumed father pendente lite visitation and to hold an evidentiary hearing to determine whether pendente lite visitation with the presumed father would be in the best interests of the child. , .
The custodian also argues that the juvenile court erred in ordering the paternal grandparents to supervise the visitation without having received evidence that they were willing to do so. Because we are already directing the juvenile court to hold an evidentiary hearing, we pretermit a lengthy discussion of that issue, but we note that, if the juvenile court determines that visitation is appropriate, it should consider what restrictions are supported by the evidence adduced at the hearing. Dean, 137 So.3d at 346-47.
PETITION GRANTED; WRIT ISSUED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.

. In her petition, K.M.D. refers to T.N.B., Sr., as “the presumed father” without elaboration. Some documents attached to the petition indicate that T.N.B., Sr., married the child’s mother after the birth of the child and consented to being listed as the father on the child’s birth certificate. Thus, we refer to T.N.B., Sr., as "the presumed father." See Ala.Code 1975, § 26-17-204(a)(4)(B).

. The custodian has filed a motion to strike certain portions of the presumed father’s answer, as well as an amended or renewed motion to strike; those motions are denied as moot.